## SMYTH ET AL. *v.* ASPHALT BELT RAILWAY COMPANY ET AL.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF TEXAS, TRANSFERRED FROM THE UNITED STATES CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT, PURSUANT TO THE ACT OF CONGRESS OF SEPTEMBER 14, 1922.

No. 206. Argued January 20, 1925.—Decided March 2, 1925.

1. The propriety of a transfer of a case from the Circuit Court of Appeals will be inquired into by this Court of its own motion. P. 327.
2. A decree of the District Court dismissing a bill " for lack of jurisdiction " but in the absence of any challenge of the court's jurisdiction as a federal court, and based upon a conclusion, after full hearing upon pleadings and evidence, that the acts sought to be enjoined were not violative of rights claimed by the plaintiff under a federal statute,—*held*, not to involve the jurisdiction of the District Court as a federal court, and not appealable directly to this Court, but to the Circuit Court of Appeals. P. 328.
3. When the District Court lacks jurisdiction as a federal court it is without power to impose costs on the plaintiff. P. 330.
292 Fed. 876, returned to the Circuit Court of Appeals.

APPEAL from a decree of the District Court which dismissed a bill by which the appellants sought to enjoin condemnation of their land for railway purposes. The case was transferred to this Court by the Circuit Court of Appeals, to which the appeal was taken. It is now returned to that court.

*Mr. Robert H. Kelly,* with whom *Mr. T. W. Gregory* and *Mr. Frank Andrews* were on the brief, for appellants.

*Mr. Mason Williams* and *Mr. J. D. Wheeler,* with whom *Mr. R. J. Boyle* and *Mr. G. W. Wharton* were on the brief, for appellees.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

This is an appeal from a decree of the federal court for western Texas which dismissed a bill in equity with costs. There was a full hearing upon pleadings and evidence. The plaintiffs had moved for an interlocutory injunction; the defendants to dismiss the bill. 292 Fed. 876. The decree recited, as the ground for dismissal, " that the court is without jurisdiction." The plaintiff took an appeal to the Circuit Court of Appeals, assigning fifteen errors, of which only a few referred in any way to jurisdiction. The appellate court was of opinion that, under the rule declared in *United States* v. *Jahn,* 155 U. S. 109, it was without jurisdiction, because the jurisdiction of the District Court had been challenged and the decision there was in favor of the defendants. The Court of Appeals, therefore, transferred the case to this Court, pursuant to the Act of September 14, 1922, c. 305, 42 Stat. 837. See *McMillan Contracting Co.* v. *Abernathy,* 263 U. S. 438. Whether the transfer should have been made is the preliminary question requiring decision, although not raised by counsel. *Smith* v. *Apple,* 264 U. S. 274, 275.

If the jurisdiction of the District Court as a federal court was the question there in issue, and was the only question, it is clear that, under § 238, this Court alone had jurisdiction of the appeal, *Chappell* v. *United States,* 160 U. S. 499, 508; *The Carlo Poma,* 255 U. S. 219, and it was proper to transfer the case, *Hoffman* v. *McClelland,* 264 U. S. 552. But if the question, called one of juris-

diction by the lower courts, was not, in fact, a question of the jurisdiction of the federal court as such, but whether the action complained of violated a federal law, *Louie* v. *United States,* 254 U. S. 548; *Binderup* v. *Pathe Exchange, Inc.,* 263 U. S. 291, 304–308, or whether a power possessed by the court should be exercised, *Smith* v. *Apple,* 264 U. S. 274; *Oliver American Trading Co., Inc.* v. *Mexico,* 264 U. S. 440, then the appeal was properly taken to the Circuit Court of Appeals.

The proceedings in the District Court, including its opinion and decree, and the briefs filed in this Court, show that at no time was the jurisdiction of the trial court as a federal court questioned there; and that its jurisdiction as a federal court was clear. The suit was brought as one "arising under the Constitution and Laws of the United States" and particularly under the Act to Regulate Commerce as amended. The sum involved was alleged to exceed three thousand dollars exclusive of interest and costs. All the defendants were alleged to be citizens and residents of the district. All were duly served. All appeared generally, answered and introduced evidence. The motion to dismiss assigned the grounds therefor; and lack of jurisdiction of the court as a federal court was not one of them. Lack of merits, lack of equity, and lack of that status which alone would entitle a private individual to sue were the objections urged. Lack of jurisdiction over the subject matter was also asserted in terms, but the pleadings and the opinion of the District Court show that this expression was not intended as a challenge of the jurisdiction of the court as a federal court, but as a denial of fundamental allegations in the bill essential to a cause of action and to the relief under the federal statute invoked.

The bill alleged that the plaintiffs owned a tract of land in Texas; that the two corporate defendants, and another defendant, who was the receiver of one of them, were

326                · Opinion of the Court.   ·

purposing to construct a railroad across the land; that, to
this end, they were proceeding under a statute of the State
to condemn, in the name of one of these corporations, a
right of way over the land; that the proposed railroad is
in fact an extension of the line of the other railroad cor-
poration which is engaged in interstate commerce; that
the new line is intended to be used in interstate commerce
and that, irrespective of intention, it will be required by
the laws of Texas to be open to such commerce; that it
cannot legally be constructed without there first having
been obtained from the Interstate Commerce Commission
a certificate of public convenience and necessity as pro-
vided in paragraphs 18 to 20 of § 1 of the Act to Regulate
Commerce as amended by Transportation Act, 1920, c. 91,
41 Stat. 456, 477, 478; that the proposed condemnation
of plaintiffs' land was undertaken without first having
secured such certificate; and that this action violates
plaintiffs' rights under the federal statute.   The District
Court said in its opinion:

"Since the plaintiffs' right to injunction rests upon
provisions of an Act of Congress regulating interstate
commerce, the Court would be without jurisdiction unless
the facts show: (1) That the Asphalt Belt Railroad
Company is owned and controlled by the San Antonio,
Uvalde & Gulf Railroad Company, an interstate carrier,
thus constituting it an extension and branch of the latter
road, or (2) that the A. B. Company is obliged by law,
and its purpose is, to carry on business as an interstate
carrier.

The trial court found, on the evidence and as matter
of law, that the railroad which had instituted and brought
condemnation proceedings was an independent intrastate
carrier; that it was not obliged to conduct an interstate
business; and that, hence, its action in instituting con-
demnation proceedings, without first obtaining a cer-
tificate from the Interstate Commerce Commission, was

not in contravention of the federal law. It is on this ground, and this only, that the District Court declared the bill should be dismissed for lack of jurisdiction; meaning obviously that, upon the facts found, it was not warranted in enjoining the condemnation proceedings, and not that as a federal tribunal it was without power to entertain the suit and inquire into the matters alleged in the bill.

This conclusion is confirmed by the fact that the plaintiffs were ordered to pay "all costs." If the District Court had lacked jurisdiction as a federal court, it would have been without power to order the plaintiffs to pay costs. *Blacklock* v. *Small*, 127 U. S. 96; *Citizens' Bank* v. *Cannon*, 164 U. S. 319.

The cause must be

> *Returned to the Circuit Court of Appeals with directions to proceed.*