SMYTH et al. v. ASPHALT BELT RY. CO. et al.

(Circuit Court of Appeals, Fifth Circuit March 16, 1926.)

No. 4214.

1. **Evidence** &#9758;48—**Courts will take judicial notice of decision of Interstate Commerce Commission that it has no jurisdiction of particular railroad doing intrastate business.**

Courts will take judicial notice of decision of Interstate Commerce Commission holding that particular railroad is not engaged in interstate commerce, nor subject to its jurisdiction.

2. **Appeal and error** &#9758;843(2)—**Issues presented on appeal from decree dismissing suit to enjoin railroad from condemning right of way held moot.**

On appeal from decree dismissing suit to enjoin railroad from proceeding to condemn land for right of way, on ground that it had not obtained certificate of public convenience, where it appeared that at time of hearing judgment of condemnation had been obtained, and road in fact constructed and in operation, held, issues presented were moot, and would not be determined.

3. **Appeal and error** &#9758;1149—**Where appeal from decree dismissing injunction suit presented only moot question decree would nevertheless be amended to show dismissal without prejudice, thereby preserving appellants' rights.**

On appeal from decree dismissing suit to enjoin railroad from condemning land for right of way, where issues presented had become moot by reason of railroad having been constructed, held, though issues would not be determined, decree would be amended to show dismissal without prejudice, thereby preserving whatever rights appellants might have.

Appeal from the District Court of the United States for the Western District of Texas, at San Antonio; Duval West, Judge.

Suit by J. B. Smyth and others against the Asphalt Belt Railway Company and another. From a decree for defendants (292 F. 876), plaintiffs appeal. Decree amended, and, as amended, affirmed.

See, also, 267 U. S. 326, 45 S. Ct. 242, 69 L. Ed. 629.

Robert H. Kelley, of Houston, Tex., and Ike S. Kampman and Henry P. Burney, both of San Antonio, Tex. (T. W. Gregory and Frank Andrews, both of Houston, Tex., on the brief), for appellants.

G. W. Wharton, of Fort Worth, Tex., and Mason Williams, R. J. Boyle, and John D. Wheeler, all of San Antonio, Tex. (Thompson, Barwise & Wharton, of Fort Worth, Tex., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. On July 23, 1923, appellants, hereafter called plaintiffs, filed a bill in the District Court for the Western District of Texas, at San Antonio, against the Asphalt Belt Railway Company, the San Antonio, Uvalde & Gulf Railroad Company, and A. R. Ponder, receiver of the latter railroad, appellees, hereafter called defendants, alleging that the Asphalt Belt Railway Company was owned and controlled by the San Antonio, Uvalde & Gulf Railroad Compay, and would be in fact an extension of the lines of the last-named company, from a point at or very near its station of Pulliam, in Uvalde county, Tex., in a northwesterly direction for a distance of about 20 miles to a point in Uvalde county at or near the mines of the Texas Asphalt Company, and that said railroads were engaged in interstate commerce, and had not secured a certificate of public convenience and necessity from the Interstate Commerce Commission, which was required before the construction of the proposed extension.

The bill further alleged that the Asphalt Belt Railway Company had begun proceedings to condemn a right of way over property owned by plaintiffs, and therefore they were parties in interest. On this plaintiffs prayed for temporary and permanent injunctions, restraining defendants from further prosecuting condemnation proceedings in aid of the proposed construction of the road.

Defendants filed answers, and also moved to dismiss the bill. After a hearing the District Court recalled a restraining order previously entered and dismissed the bill, with leave to amend. An amended bill was filed, to which motions to dismiss and answers were filed by defendants. After a hearing

on the pleadings and evidence received, the amended bill was dismissed. The court found that the Asphalt Belt Railway Company was not engaged in interstate commerce, and did not intend to engage in interstate commerce, and therefore did not require a certificate of public convenience and necessity before proceeding with the construction of the line, and that, as the parties were all citizens of Texas, neither diversity of citizenship nor a case arising under the laws of the United States was shown, and the court was without jurisdiction. 292 F. 876. From that decree an appeal was prosecuted to this court, but without a supersedeas or the reinstatement · of the restraining order.

We are of the opinion that only the question of jurisdiction of the District Court as a federal court was involved and transferred the case to the Supreme Court, pursuant to the Act of September 14, 1922 (Comp. St. Ann. Supp. 1923, § 1215a). The Supreme Court found that the jurisdiction of the District Court as a federal court had not been challenged, and that the bill had not been dismissed purely on that ground, and returned the case here. See 267 U. S. 326, 45 S. Ct. 242, 69 L. Ed. 629. At the second hearing in this case it was admitted that the condemnation proceedings had so far progressed that the Asphalt Belt Railway had obtained a judgment of condemnation, had posted bond in double the amount awarded defendants in the expropriation proceedings, and that the road had actually been constructed and is now in operation.

[1] It also appears, from proceedings before the Interstate Commerce Commission in the matter of an application by the New Orleans, Texas & Mexican Railroad Company, an interstate carrier, asking for an order approving and authorizing the acquisition of the San Antonio, Uvalde & Gulf Railroad Company and the Asphalt Belt Railway Company, appellees herein, Finance Docket No. 4889, order entered November 2, 1925, that the Interstate Commerce Commission was of the opinion that the Asphalt Belt Railway Company was not engaged in interstate commerce, and that the Commission had no jurisdiction over it, and no authority to either approve or disapprove of its acquisition by the New Orleans Texas & Mexican Railway Company. Of this decision, of course, we take notice.

[2, 3] It appears from the above statement of facts that during the pendency of this suit the acts of the defendants in the District Court sought to be enjoined have been physically accomplished; therefore, even if we were so minded, to reverse the judgment of the District Court and order the injunction prayed for to issue would be a vain and useless thing. The case has now become moot in so far as the issues are here presented, regardless of what future relief appellants may be entitled to in a court of competent jurisdiction. This court will not decide moot questions. So we will not consider the case on the merits, but will make such order as is most consonant to justice, in view of the facts and circumstances now apparent. Heitmuller v. Stokes, 256 U. S. 359, 41 S. Ct. 522, 65 L. Ed. 990.

The judgment appealed from dismisses the bill. In order to preserve any rights appellants may have, that judgment will be amended, so as to dismiss the bill without prejudice. As so amended, it is affirmed.