## TEXAS & N. O. R. CO. v. NORTH SIDE BELT RY. CO.*

(Circuit Court of Appeals, Fifth Circuit. January 8, 1927.)

No. 4718.

1. **Appeal and error ⬦1138—Case not reviewable after questions involved have become moot.**

A decree dismissing a bill for a temporary restraining order and injunction is not reviewable after the questions have become moot by the doing of the things sought to be prevented.

2. **Injunction ⬦208—Dismissal of bill for injunction without prejudice held proper.**

Decree dismissing bill for injunction without prejudice to preserve any right of action complainant might have *held* proper.

Appeal from the District Court of the United States for the Southern District of Texas; Joseph C. Hutcheson, Jr., Judge.

Suit in equity by the Texas & New Orleans Railroad Company against the North Side Belt Railway Company. Decree dismissing bill, and complainant appeals. Affirmed.

For opinion below, see 8 F.(2d) 153.

John T. Garrison, of Houston, Tex. (H. M. Garwood and John T. Garrison, both of Houston, Tex., on the brief), for appellant.

Nelson Phillips, of Dallas, Tex. (W. W. Moore and J. Y. Powell, both of Houston, Tex., and Nelson Phillips, of Dallas, Tex., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This was a suit by the appellant, which sought only a temporary restraining order and an injunction restraining the appellee from prosecuting a suit instituted by it for the condemnation of described land of the appellant, and from constructing, maintaining, or operating a described railroad upon or across that land. The appeal is from a decree dismissing the bill without prejudice to the right of the appellant to apply in the future for an injunction against the appellee, "if its activities in the future shall bring it properly within the purview of the act of Congress known as the Transportation Act of 1920."

[1, 2] It is disclosed by the record that no restraining order or interlocutory injunction was issued, and that, before the decree appealed from was entered, a judgment condemning said land was rendered in said condemnation suit, and appellee had constructed its railroad over said land and was operating the same. As the only relief prayed for was action by the court restraining the doing of things which have been done since the suit was brought, the suit has become a moot one; it being altogether futile to forbid the doing of things which already have been done. In the situation disclosed the dismissal of the bill without prejudice was proper. Smyth v. Asphalt Belt Ry. Co. (C. C. A.) 12 F.(2d) 14.

The decree is affirmed.