## BREMNER v. THOMAS.

Circuit Court of Appeals, Eighth Circuit. March 7, 1928.

No. 7858.

**1. Appeal and error ⬤⟾22—Federal appellate court must always examine jurisdiction, whether challenged or not.**

It is the duty of a federal appellate court in every case to examine its jurisdiction, whether point has been raised or not.

**2. Courts ⬤⟾405(14)—Circuit Court of Appeals is without jurisdiction, unless application for appeal or writ of error is made within three months (28 USCA § 230).**

Act Feb. 13, 1925, § 8 (c), being 28 USCA § 230, requiring application for writ of error or appeal, for review by the Circuit Court of Appeals, to be made within three months after entry of the judgment or decree sought to be reviewed, is mandatory and jurisdictional.

Appeal from the District Court of the United States for the Southern District of Iowa; Martin J. Wade, Judge.

Suit in equity by W. H. Bremner, receiver, against D. H. Thomas, receiver. Decree for defendant, and complainant appeals. Appeal dismissed.

James A. Devitt, of Oskaloosa, Iowa (M. M. Joyce and C. W. Wright, both of Minneapolis, Minn., and John C. Eichhorn, of Oskaloosa, Iowa, on the brief), for appellant.

J. H. Patton, of Grinnell, Iowa, for appellee.

Before STONE and VAN VALKENBURGH, Circuit Judges, and PHILLIPS, District Judge.

STONE, Circuit Judge. This is a plenary action by the receiver of the Minneapolis & St. Louis Railroad Company against the receiver of the Merchants' National Bank of Grinnell, Iowa, having as its object the impounding of certain moneys in the hands of the latter on the theory that such are held by him as trustee ex maleficio. The trial court sustained a motion to dismiss the bill upon the merits. From such order of dismissal this appeal is taken.

[1, 2] It is the duty of federal appellate courts, in every case, to examine its jurisdiction, whether such point has been raised or not. Smyth v. Asphalt Belt Ry., 267 U. S. 326, 327, 45 S. Ct. 242, 69 L. Ed. 629; Smith v. Apple, 264 U. S. 274, 275, 44 S. Ct. 311, 68 L. Ed. 678; Stevirmac Oil & Gas Co. v. Dittman, 245 U. S. 210, 214, 38 S. Ct. 116, 62 L. Ed. 248; M., C. & L. M. Ry. Co. v. Swan, 111 U. S. 379, 382; Equitable Life Assur. Soc. v. Rayl, 16 F.(2d) 68 (this court); Elliott v. Empire Natural Gas Co., 4 F.(2d) 493, 494 (this court); Cleveland Cliffs Iron Co. v. Village of Kinney, 266 F. 888, 889 (this court); C. C. Taft Co. v. Century Savings Bank, 141 F. 369, 371 (this court). Such examination in this case reveals that the order from which the appeal was taken was entered December 2, 1926; that the petition for appeal and the assignment of errors was filed April 4, 1927, and the appeal allowed April 11, 1927. As the petition for appeal and assignment of errors were filed more than three months after the entry of the order from which the appeal is taken (Act Feb. 13, 1925, 43 Stat. 936, USCA tit. 28, § 225 [28 USCA § 230]), and, as this matter is jurisdictional, the appeal must be dismissed for want of jurisdiction because not taken within the time required by law.