## VICKSBURG, S. & P. RY. CO. v. NATTIN, Tax Collector, et al.

### No. 442.

District Court, W. D. Louisiana, Monroe Division.

Oct. 17, 1931.

Wise, Randolph, Rendall & Freyer, of Shreveport, La., and L. B. Duke, of Benton, La., for complainants.

R. F. Kennon, of Minden, La., for respondents.

DAWKINS, District Judge.

Further examination of this case has not convinced me that I erred in sustaining the plea to the jurisdiction rationae materiae. (D. C.) 51 F.(2d) 1016. It is not necessary to discuss the cases referred to by plaintiff in detail, since none of them have held that where taxes were levied annually to pay installments of principal and interest on bonded indebtedness, the amount which might accrue over the entire period could be used as a basis of jurisdiction to enjoin the collection of the tax for a single year. It must be borne in mind that this suit does not attack the validity of the proceedings by which the tax was voted and the bonds issued; it simply, in substance, alleges discrimination in value as to this taxpayer, who was not permitted to vote, and that it will not be benefited by the drainage system. Non constat but that in another assessment, if the plaintiff should pursue the remedies afforded by the state law, it could induce the taxing authorities to correct the alleged discrimination. In that event, the amount assessed against it might be a great deal less. Therefore, it is by no means certain as to just what the taxes for succeeding years might be. As the case appeals to me, it is one involving the liability of the plaintiff for the taxes of the year 1930 alone, and where there is no attack upon the validity of the entire issue, each assessment and levy will be a distinct claim or controversy, which would have to be determined upon its particular facts, save and except alone the one issue of benefits.

With reference to the claim of defendants for attorney's fees under the state law, having found that the court is without jurisdiction of the subject-matter, I do not think it has any power to assess damages, but that the defendant will be relegated to its action upon the bond in a proper proceeding. A decree in accordance with the conclusions announced in the original opinion and this memorandum should be presented.