## MEYER et al. v. KANSAS CITY SOUTHERN RY. CO. et al.

District Court, S. D. New York.
Sept. 6, 1935.

938

Samuel Moore, of New York City, for defendants Kansas City Southern Ry. Co. and others.

Marcus L. Bell, of New York City, for defendants Hayden and others.

George L. Buland, Ben C. Dey, and Charles L. Minor, all of New York City, for defendant Southern Pacific Co. and others.

Cullen & Dykman, of Brooklyn, N. Y. (J. A. Dykman and Jules Haberman, both of Brooklyn, N. Y., of counsel), for defendants Bailey and others.

Pierce & Greer, of New York City (F. C. Nicodemus, Jr., H. C. Campbell, and C. S. Hadley, all of New York City, and A. H. Kiskaddon, of St. Louis, Mo., of counsel), for defendants St. Louis Southwestern Ry. Co. and others.

Hines, Rearick, Dorr & Hammond, of New York City (A. C. Rearick and Paul Smith, both of New York City, of counsel), for defendants Missouri-Kansas-Texas R. Co. and others.

Van Vorst, Siegel & Smith, of New York City (Alexander B. Siegel, of New York City, of counsel), for defendants Rosenthal and others.

Cravath, deGersdorff, Swaine & Wood, of New York City (Frederick H. Wood, Carl A. deGersdorff, and Littleton Groom, all of New York City, of counsel), for defendants Felix M. Warburg and others.

Bruce R. Duncan, of Brooklyn, N. Y., for defendant Arthur H. Waterman.

Clarence G. Bernheimer, of New York City, for defendant Bing.

Walter E. Meyer, of New York City, pro se (Leo M. Drachsler and Leon Ulman, both of New York City, of counsel), for intervening plaintiffs.

WOOLSEY, District Judge.

My decision in this cause is that there must be a final decree dismissing without costs the bill of complaint herein on the ground that this court is without subject-matter jurisdiction of the controversy therein set forth.

I. As this is a court of limited jurisdiction, the first matter always to be decided in respect of any action or suit is whether the court has subject-matter jurisdiction thereof. Questions of venue, of jurisdiction of the persons of the defendants, of the plaintiff's locus standi, and as to whether a cause of action is stated or not should not be considered until it is deter-

mined that the court has subject-matter jurisdiction.

The first question to be determined herein is whether this cause falls under the category of suits arising under the Constitution and laws of the United States, 28 USCA § 41, subd. 1 (a), and under this branch of jurisdiction subdivision 23 of said section 41 (28 USCA ' § 41, subd. 23), which gives this court jurisdiction "of all suits and proceedings arising under any law to protect trade and commerce against restraints and monopolies," is the only section which need be considered.

If this cause is not a cause falling within this category as arising under the Constitution and laws of the United States, the only other category of subject-matter jurisdiction under which it might fall is that of a suit between citizens of different states under subdivision 1 (b) of said section 41 (28 USCA § 41, subd. 1 (b).

II. A careful study of this very long and discursive complaint satisfies me that it does not state a cause of action arising under the Constitution and laws of the United States, but is merely a derivative suit in equity by minority stockholders of a railroad company against other railroad companies and many individuals based on the principle which finds its most authoritative exposition in the case of Southern Pacific Co. v. Bogert, 250 U. S. 483, 39 S. Ct. 533, 63 L. Ed. 1099, that those stockholders who have the control of a corporation must not use inequitably their power of control in a way detrimental to the minority stockholders. Cf. also De Koven v. Lake Shore & Michigan Southern R. Co. (D. C.) 216 F. 955, 957, 958; Boyd v. New York & H. R. Co. (D. C.) 220 F. 174, 181; Farmers' Loan & Trust Co. v. New York & Northern R. Co., 150 N. Y. 410, 415, 44 N. E. 1043, 34 L. R. A. 76, 55 Am. St. Rep. 689; Fletcher on Corporation (1919 Edition) §§ 3977, 3987, 3988, and "The Holding Company" by Bonbright and Means, Appendix A, at page 343 ff.

The complaint, after alleging a conspiracy by the several railroads and many individuals to secure control of the St. Louis Southwestern Railway Company, and by such control cause loss and damage to the minority stockholders thereof, states in its prayers objectives which may be summarized as follows:

(1) Accountings by the several alleged conspirators for certain acts by which it is alleged that they profited illegally at the expense of the St. Louis Southwestern Railway Company, and, hence, of its minority stockholders by a total amount of $30,000,000;

(2) The appointment "pending final hearing and thereafter permanently" of what might properly be called a receiver ad litem for the St. Louis Southwestern Railway Company to prosecute under the federal Anti-Trust Acts actions at law for treble damages and suits in equity based on the facts set forth in the bill of complaint against the several corporations and defendants therein named, and from whom accountings for profits are prayed for herein by the minority stockholders on behalf of the St. Louis Southwestern Railway Company;

(3) Injunctions appropriate to end the alleged conspiracy and the present allegedly damaging majority control of the St. Louis Southwestern Railway Company which is now held with the consent and approval of the Interstate Commerce Commission by the Southern Pacific Company; and

(4) The never omitted request for compensation for services and reimbursement for expenses incurred by the plaintiff and other minority stockholders joining in the cause.

Owing to the allegations of the complaint that "the ground upon which the jurisdiction of this Court depends is that this suit includes matters in controversy arising under the laws of the United States," and, further, that it involves "the construction and interpretation of title 15, §§ 1–7, of the United States Code Annotated, commonly known as the Sherman Anti-Trust Act, and title 15, §§ 12 to 27, of the United States Code Annotated, commonly known as the Clayton Act" (section 1 et seq.), defendants' counsel have not unnaturally assumed that the plaintiff considered his suit as based on the so-called Anti-Trust Acts, and, hence, as within the subject-matter jurisdiction of the court under title 28, § 41, subd. 23, hereinabove mentioned, and have pointed their motions and arguments accordingly.

On the oral argument, however, as the minutes show, the plaintiff stated, referring to his bill of complaint: "My claim is that it is not a suit under the Sherman Act or the Clayton Act, but it is a representative stockholders action."

The reason for this admission apparently is that the plaintiff realizes that as a

stockholder of a corporation he would be without any locus standi to maintain a suit under the Anti-Trust Acts in respect of damages to his corporation, Fleitmann v. Welsbach Street Lighting Co., 240 U. S. 27, 28, 36 S. Ct. 233, 60 L. Ed. 505, or in respect of matters within the jurisdiction of the Interstate Commerce Commission, as were the matters involved in this suit. Board of Railroad Com'rs v. Great Northern R. Co., 281 U. S. 412, 421, 422, 50 S. Ct. 391, 74 L. Ed. 936; Midland Valley R. Co. v. Barkley et al., 276 U. S. 482, 48 S. Ct. 342, 72 L. Ed. 664; Keogh v. Chicago & N. W. R. Co., 260 U. S. 156, 43 S. Ct. 47, 67 L. Ed. 183.

Aside from its accounting and injunctive prayers, the bill is merely a prelude to actions and suits under the federal Anti-Trust Acts which the plaintiff hopes are to be instituted and maintained by the receiver ad litem, whose appointment, as above noted, is asked, and to that end it contains a history of the alleged conspiracy which refers frequently to alleged infractions of the Anti-Trust Acts, and which the plaintiff considers would justify the appointment of such a receiver for such a purpose. The plaintiff invokes as precedents for this very unusual procedure Hazzard v. Credit Mobilier, Fed. Cas. No. 6,289, and Du Puy v. Transportation & Terminal Co., 82 Md. 408, 33 A. 889, 34 A. 910.

But this cause is not in any sense a suit depending on some other suit of which the court already has jurisdiction. It is an original suit for the purposes just referred to, and, consequently, there is not any basis whatever for subject-matter jurisdiction on the theory that it is an action arising "under the Constitution and the laws of the United States."

III. The only other subject-matter jurisdiction of this court which could possibly be invoked herein is that based on diversity of citizenship under 28 USCA § 41, subd. 1 (b), and, for the reasons hereinafter stated, that also fails the plaintiff.

The suit herein is brought by the plaintiff Meyer, who is a citizen of the state of New York, against 53 individuals who are alleged to be citizens of New York state, one corporation incorporated under the laws thereof, one subject of Great Britain, a corporation of the state of Kentucky, five citizens of the state of Massachusetts, three railway corporations of the state of Missouri, one individual citizen thereof, a citizen of Pennsylvania, four citizens of New Jersey, three citizens of Illinois, two corporations of that state, a corporation of the state of Ohio, one citizen of the state of Connecticut, and two defendants whose citizenship is alleged to be unknown.

On the plaintiff's side of the case, by a petition of intervention allowed by this court, the plaintiff has joined with him six other plaintiffs whose residences are stated to be in New York state, and one plaintiff in respect of whom there is not any statement either as to residence or citizenship.

■ Now it is well settled that for subject-matter jurisdiction based on the ground of diversity of citizenship, the parties must be citizens of different states and that mere allegation of residence within a state is not the equivalent in legal effect of allegation of citizenship therein. Realty Holding Co. v. Donaldson, 268 U. S. 398, 399, 45 S. Ct. 521, 69 L. Ed. 1014; Neel v. Pennsylvania Co., 157 U. S. 153, 154, 15 S. Ct. 589, 39 L. Ed. 654; Cameron v. Hodges, 127 U. S. 322, 325, 8 S. Ct. 1154, 32 L. Ed. 132; Robertson v. Cease, 97 U. S. 646, 648, 24 L. Ed. 1057.

■ But in view of the plaintiff Meyer's own citizenship, the citizenship of his co-plaintiffs is not material, for it is settled law that to give this court jurisdiction of a cause, originally begun herein and based on diversity of citizenship, each of the necessary parties on the plaintiff's side of the cause must be a citizen of a different state from each of the necessary parties on the defendant's side of the cause. Cuebas y Arredondo v. Cuebas y Arredondo, 223 U. S. 376, 388, 32 S. Ct. 277, 56 L. Ed. 476; Gage v. Carraher, 154 U. S. 656, 14 S. Ct. 1190, 25 L. Ed. 989; Wilson v. Oswego Tp., 151 U. S. 56, 14 S. Ct. 259, 38 L. Ed. 70; Byers v. McAuley, 149 U. S. 608, 13 S. Ct. 906, 37 L. Ed. 867; Strawbridge v. Curtiss, 3 Cranch, 267, 2 L. Ed. 435; Danks v. Gordon (C. C. A. 2) 272 F. 821, 824.

■ The plaintiff has cast his gage and must take the consequences of his challenge. He has drawn his complaint on the theory of a conspiracy as a single cause of action in which he claims all the defendants are necessary parties. Consequently, the fact that he has elected to join defendants whose presence destroys federal jurisdiction based on diversity of citizenship is a matter which cannot be cured by the court, by severance or otherwise, unless the defendants whose presence ousts the court

of jurisdiction are mere formal parties. Cf. Peninsular Iron Co. v. Stone, 121 U. S. 631, 633, 7 S. Ct. 1010, 30 L. Ed. 1020; Pirie v. Tvedt, 115 U. S. 41, 43, 5 S. Ct. 1034, 1161, 29 L. Ed. 331; Levering & Garrigues Co. v. Morrin (C. C. A.) 61 F. (2d) 115, 121, affirmed 289 U. S. 103, 53 S. Ct. 549, 77 L. Ed. 1062. Here, however, on the plaintiff's own showing, both in the allegations of the complaint and repeatedly at the oral argument, none of the defendants are mere formal parties.

■ IV. I do not give any costs to the defendants on the dismissal of the complaint herein solely because it is dismissed on the ground of want of jurisdiction, and in such a situation the Supreme Court holds that there is not any power in the instance court to award costs, for without jurisdiction it may not give a judgment or decree involving recovery of money by the successful defendants. Mansfield, etc., R. Co. v. Swan, 111 U. S. 379, 387, 4 S. Ct. 510, 28 L. Ed. 462; Hornthall v. The Collector, 9 Wall. 560, 566, 19 L. Ed. 560; Mayor, etc., of Nashville v. Cooper, 6 Wall. 247, 250, 18 L. Ed. 851.

Accordingly, a single decree dismissing the cause for want of jurisdiction without costs may be presented to me through the clerk on the usual notice.