## UNITED STATES v. JARDINE.

### No. 7919.

Circuit Court of Appeals, Fifth Circuit.

Feb. 11, 1936.

HUTCHESON, Circuit Judge, dissenting.

See, also (C.C.A.) 81 F.(2d) 745.

John W. Holland, U. S. Atty., of Jacksonville, Fla., and W. Sanders Gramling, Asst. U. S. Atty., of Miami, Fla.

Lloyd C. Hooks, of Miami, Fla., for appellee.

Before SIBLEY, HUTCHESON, and WALKER, Circuit Judges.

PER CURIAM.

The District Court upheld a libel in rem against a seized vessel. On appeal we held it to be a public vessel of the United States immune from seizure, reversed the decree, and dismissed the libel. The appellant, the United States, has moved for a taxation of costs of appeal and particularly of the proctor's fee and the expense of printing briefs which are made recoverable as costs in appeals in admiralty by the Act of August 3, 1935, 49 Stat. 513, 28 U.S.C.A. § 572. The motion is opposed, first, because no judgment for costs can be given when a court holds itself without jurisdiction over the case, and, second, because rule 31 (4) of this court provides that in cases where the United States are a party no costs shall be allowed in this court for or against the United States.

On the point of jurisdiction, it is well settled that a trial court which has no jurisdiction to try the case can enter no judgment for costs. Smyth v. Asphalt Belt R. Co., 267 U.S. 326, 45 S.Ct. 242, 69 L. Ed. 629; The Hungaria (D.C.) 41 F. 109. But it is also settled that if the trial court erroneously exercises jurisdiction, an appellate court has jurisdiction to reverse

the error and may award costs on the appeal although it directs the lower court to dismiss for want of jurisdiction without costs there. Blacklock v. Small, 127 U.S. 96, 97, 8 S.Ct. 1096, 32 L.Ed. 70; Mansfield, etc., R. Co. v. Swan, 111 U.S. 379, 387, 388, 4 S.Ct. 510, 28 L.Ed. 462. This court although it disposed finally of the libel for want of jurisdiction over the vessel, has jurisdiction to adjudge the costs of the appeal. Since Jardine wrongfully invoked the jurisdiction of the lower court, ordinarily the costs should justly go against him. Blacklock v. Small, supra, 127 U.S. 96, at page 105, 8 S.Ct. 1096, 32 L.Ed. 70; Everhart v. Huntsville College, 120 U.S. 223, 7 S.Ct. 555, 30 L.Ed. 623.

 As to our rule, it was copied from that of the Supreme Court in a form maintained for many years. See 12 Pet. XVIII, 21 How. XIV, 109 U.S. 587, 222 U.S.Appendix p. 30. One of the shortest opinions in the books is that of Chief Justice Marshall in United States v. Barker, 2 Wheat. 395, 4 L.Ed. 271: "The United States never pay costs." A statutory exception to this statement was enforced in James Shewan & Sons, Inc., v. United States, 267 U.S. 86, 45 S.Ct. 238, 69 L.Ed. 527. The Supreme Court thereupon changed its rule to recognize such exceptions. 275 U.S. 618. Our rule has not been changed, but such statutes would control its application. On the other hand, while the United States do not pay costs, they ordinarily do recover them in the trial courts. Pine River Co. v. United States, 186 U.S. 279, 280, 296, 22 S.Ct. 920, 46 L. Ed. 1164; United States v. Verdier, 164 U.S. 213, at page 219, 17 S.Ct. 42, 41 L. Ed. 407. We have been unable to discover the reason for the contrary rule as to costs in the appellate courts, but we suppose it is founded on the idea that it is unfair to award costs to a litigant who will not pay them when unsuccessful. The new statute touching admiralty appeals does not mention the United States, but only amends the general law as to the items of cost which are recoverable by ordinary litigants. We see no sufficient ground to depart from the long-established rule that no costs of appeal will be awarded to the United States.

Motion denied.

HUTCHESON, Circuit Judge, dissents.