## O'BRIEN v. NEW YORK EDISON CO. et al.

District Court, S. D. New York.
April 22, 1937.

James J. O'Brien, in pro. per.

Jacob H. Goetz and Henry S. Reeder, both of New York City (Whitman, Ranson, Coulson & Goetz, of New York City, of counsel), for defendants.

LEIBELL, District Judge.

Motion by plaintiff for an order setting aside as null and void the order for costs which is part of the judgment entered in favor of the defendants herein on March 9, 1937.

Plaintiff's action was one "at law for damages under United States laws (Sherman Anti-Trust Act [15 U.S.C.A. § 1 et

234

seq.] and Clayton Act [38 Stat. 730])" according to the praecipe filed by plaintiff. Paragraph sixth of the complaint alleges: "That this suit is brought in this court under the provisions and by virtue of an Act of Congress of the United States approved July 2nd, 1890, entitled 'An Act to protect trade and commerce against unlawful restraints and monopolies' and more particularly pursuant to provisions of sections 1, 2 and 7 thereof [15 U.S.C.A. §§ 1, 2, 15 note] and also under the provisions of chapter 323 of the Act of Congress of the year 1914, commonly known as the Clayton Anti-Trust Act and particularly under sections 2, 3 and 4 thereof [15 U.S.C.A. §§ 13, 14, 15]."

Likewise, plaintiff in referring to defendants' alleged conspiracy pleads in paragraph eleventh: "* * * that said combination and conspiracy did directly interfere with and did unlawfully hinder the flow of interstate and foreign commerce between the above named states and England, and the State of New York in the manner hereinafter set forth."

Paragraph thirty-fifth of the complaint reads as follows: "That by reason of said combination and conspiracy of the defendants herein, in restraint of interstate and foreign commerce and the acts done by them in furtherance thereof, and to interfere and unlawfully cause the breaking of plaintiff's contract with said Walter J. Salmon and to injure and destroy the business of plaintiff, plaintiff has suffered great loss and injury to his business and property to the total sum of $24,876.00."

Plaintiff's prayer for relief reads: "Wherefore, plaintiff demands judgment for the sum of $24,876.00, with interests and triple damages, together with the costs and disbursements of this action, and a reasonable counsel fee for counsel."

On the trial at the close of plaintiff's evidence the defendants' motion to dismiss the complaint was granted and judgment was entered herein on March 9, 1937, dismissing the action and adjudging that defendants recover of the plaintiff $30 costs as taxed.

The wording of defendants' motion to dismiss the complaint (as quoted on page 2 of the brief of defendants' counsel on this present motion) was as follows:

"Mr. Goetz: I move to dismiss the complaint on the ground that the plaintiff has failed to produce [sic] facts sufficient to constitute a cause of action, and to prove facts to constitute a cause of action within the cognizance of this court."

"The Court: I will grant that motion."

It does not appear from the record that the complaint was dismissed because this court "as a federal tribunal is without power to entertain the suit and inquire into the matters alleged" in the complaint.

In fact plaintiff's alleged cause of action, at least as pleaded in the complaint, is one over which the federal court is given jurisdiction. 28 U.S.C.A. § 41, subd. 23. The motion to dismiss the complaint herein appears to have been granted on the ground that plaintiff had failed to prove facts to sustain the cause of action pleaded in the complaint. Therefore, plaintiff may properly be ordered to pay costs. Smyth v. Asphalt Belt Ry., 267 U.S. 326, 330, 45 S.Ct. 242, 69 L.Ed. 629.