## HUMBOLDT LOVELOCK IRR. LIGHT & POWER CO. v. SMITH, State Engineer (PERSHING COUNTY WATER CONSERVATION DIST. OF NEVADA et al., Interveners).

### No. H-194.

District Court, D. Nevada.

May 24, 1939.

Hawkins, Mayotte & Hawkins, of Reno, Nev., for plaintiff.

Gray Mashburn, Atty. Gen. for State of Nevada, for defendant.

H. R. Cooke, of Reno, Nev., and John A. Jurgenson, of Lovelock, Nev., for interveners.

Roy W. Stoddard, Sp. Asst. to Atty. Gen., for the United States.

Before WILBUR, Circuit Judge, LOUDERBACK and NORCROSS, District Judges.

PER CURIAM.

Following the filing of the opinion and decision of this Court dismissing plaintiff's bill of complaint, 25 F.Supp. 571, 575, defendant and interveners severally filed cost bills, to which plaintiff filed objections, which cost bills were allowed and taxed by the clerk of the court. Plaintiff has moved to re-tax the costs. The objections interposed to the cost bills include the following ground: that costs are not allowable where suit is dismissed for want of jurisdiction.

In the decision heretofore rendered it was held: "The complaint does not set out a substantial federal question and, consequently, this court lacks jurisdiction to dispose of the case upon its merits."

Manifestly, this was a decision that the court had no jurisdiction. Levering & Garrigues Co. v. Morrin, 289 U.S. 103, 53 S. Ct. 549, 77 L.Ed. 1062; Norumbega Co. v. Bennett, 290 U.S. 598, 54 S.Ct. 207, 78 L. Ed. 526.

Where the court has no jurisdiction it has no power to impose costs. Blacklock v. Small, 127 U.S. 96, 8 S.Ct. 1096, 32 L.Ed. 70; Citizens' Bank v. Cannon, 164 U.S. 319, 17 S.Ct. 89, 41 L.Ed. 451; Lion Bonding Co. v. Karatz, 262 U.S. 640, 642, 43 S.Ct. 641, 67 L.Ed. 1151; Smyth v. Asphalt Belt

422

Ry., 267 U.S. 326, 45 S.Ct. 242, 69 L.Ed. 629; United States v. Jardine, 5 Cir., 81 F. 2d 747.

■ The applications of defendant and interveners for costs are denied.