**NEET et al. v. HOLMES et al.**
**No. 750B, Civil.**

District Court, S. D. California,
Central Division.

May 21, 1940.

William Ellis Lady and W. I. Gilbert, both of Los Angeles, Cal., for plaintiffs.

George I. Devor and George L. Reimbold, both of Los Angeles, Cal., for defendant Ray H. Fitzgerrell.

Ralph D. Brown, of Los Angeles, Cal., for defendants Kenneth A. Holmes, Holmes & Nicholson Mining & Milling Co., and T. J. Thorne.

Joseph Doyle, of Los Angeles, Cal., for defendant Mary Genevieve Shipp.

BEAUMONT, District Judge.

Motion to re-tax costs. Action brought in the district court was dismissed for lack of jurisdiction, this appearing on the face of plaintiffs' complaint.

A review of cases wherein actions were originally filed in a federal court reveals a virtual uniformity of decision to the effect that where a court has no jurisdiction of such cause it has no power to award costs. Smyth v. Asphalt Belt Ry., 267 U.S. 326, 45 S.Ct. 242, 69 L.Ed. 629; Lion Bonding Co. v. Karatz, 262 U.S. 640, 43 S.Ct. 641, 67 L.Ed. 1151; Conley v. Ballinger, 216 U.S. 84, 30 S.Ct. 224, 54 L.Ed. 393; Citizens' Bank v. Cannon, 164 U.S. 319, 17 S.Ct. 89, 41 L.Ed. 451; Blacklock v. Small, 127 U.S. 96, 8 S.Ct. 1096, 32 L.Ed. 70; Smith v. Whitney, 116 U.S. 167, 6 S.Ct. 570, 29 L.Ed. 601; Elk v. Wilkins, 112 U.S. 94, 98, 5 S.Ct. 41, 28 L.Ed. 643; United States v. Jardine, 5 Cir., 81 F.2d 747; Vicksburg S. & P. Ry. Co. v. Nattin, 5 Cir., 54 F.2d 712; Budris v. Consolidation Coal Co., D.C., 251 F. 673; United States Envelope Co. v. Transo Paper Co., D.C., 229 F. 576; International Wireless Telegraph Co. v. Fessenden, C.C., 131 F. 493; In re Williams, D.C., 120 F. 34; Auer v. Lombard, 1 Cir., 72 F. 209; The Hungaria, D.C., 41 F. 109; Pentlarge v. Kirby, C.C., 20 F. 898; Cooper v. New Haven Steam-Boat Co., D.C., 18 F. 588; Humboldt Lovelock Irr. Light & Power Co. v. Smith, D.C., 28 F.Supp. 421; Meyer v. Kansas City Southern Ry. Co., D.C., 11 F.Supp. 937. Cases cited by defendants in support of their demand for costs are not controlling in view of this general holding.

Defendants contend that section 37 of the Judicial Code, 28 U.S.C.A. § 80, which must be construed as a continuation of the act of March 3, 1875 (Act Mar. 3, 1911, c. 231, § 294, 36 Stat. 1167, 28 U.S.C.A. § 432 note), has nullified the effect of the earlier decisions and has changed the rule that a court without jurisdiction is without power to award costs. The court herein cannot agree with such contention insofar as it pertains to actions similar to the one before it, that is, where the cause was commenced in the district court and where the lack of jurisdiction appears on the face of plaintiffs' complaint (Smyth v. Asphalt Belt Ry., supra; Lion Bonding Co. v. Karatz, supra; United States v. Jardine, supra; Vicksburg S. & P. Ry. Co. v. Nattin, supra; Budris v. Consolidation Coal Co., supra; United States Envelope Co. v. Transo Paper Co., supra; Humboldt Lovelock Irr. Light & Power Co. v. Smith, supra; Meyer v. Kansas City Southern Ry. Co., supra; all decided since 1911, when act of 1875 was re-enacted as Judicial Code sec. 37), and is of the opinion that in such actions the rule has not been changed.

The court being without power to award costs, it is ordered that the taxation of costs made by the clerk be annulled, and that no award be made.

NOTE.—In Lion Surety Co. v. Karatz, supra, appears statement by Mr. Justice Brandeis in direct accord with holding in above-cited cases. In a footnote to the opinion (262 U.S. at page 642, note 3, 43 S.Ct. at page 642, 67 L.Ed. 1151) there is the observation that in *removal cases the rule was changed by Act of March 3, 1875"* (this court's italics).