UNITED STATES of America,
Appellant/Cross-Appellee,

v.

CITY OF KANSAS CITY, KANSAS,
Appellee/Cross-Appellant.

Nos. 82–2366, 82–2370.

United States Court of Appeals,
Tenth Circuit.

May 14, 1985.

Dirk D. Snel, Atty., Dept. of Justice, Washington, D.C. (Carol E. Dinkins, Asst. Atty. Gen.; Carl Strass and Robert L. Klarquist, Attys., Dept. of Justice; A. James Barnes, Acting General Counsel, E.P.A.; and Allan E. Brown, Acting Asst. General Counsel, E.P.A., Washington, D.C., with him on briefs), for appellant/cross-appellee.

J. Nick Badgerow of McAnany, Van Cleave & Phillips, P.A., Kansas City, Kan., for appellee/cross-appellant.

Before HOLLOWAY and McKAY, Circuit Judges, and RUSSELL, District Judge.*

McKAY, Circuit Judge.

At issue in this appeal is the award of attorneys' fees, expert witness fees, and other costs under 33 U.S.C. § 1365 (1976), the citizen suit provisions of the Federal Water Pollution Control Act.

The case began as a civil enforcement proceeding brought by the United States Government, on behalf of its Environmental Protection Agency, against Kansas City, Kansas. All of the claims made by the EPA have been resolved by a consent decree.

The City asserted a counterclaim against the United States under 33 U.S.C. § 1365, in which it alleged that it had been arbitrarily and capriciously denied federal grant assistance. The City prevailed on its counterclaim and was awarded attorneys' fees. The district court refused to award costs and expert witness fees, however. The United States appeals the award of attorneys' fees; the City appeals the denial of costs and expert witness fees.

Each party, in addition to making several substantive arguments, makes a jurisdictional claim. The City contends that because the United States' appeal was not timely filed, our court does not have jurisdiction to hear this appeal; the United States contends that because the City sought monetary damages in excess of $10,000 in its counterclaim, the district court did not have jurisdiction to hear the City's counterclaim, and the counterclaim could not therefore be the basis for any ancillary relief, such as costs or fee awards. Because of our resolution of these two jurisdictional issues, we need not reach the substantive issues raised.

Rule 4(a)(1) of the Federal Rules of Appellate Procedure provides that where the United States is a party to an action, notice of appeal must be filed within 60 days after the date of entry of judgment. The City

argues that the district court entered a final judgment on June 29, 1982. The United States, not having filed notice of appeal until October 27, 1982, argues that the final judgment was actually issued on September 1, 1982. In addition, it argues that, even if the date of judgment was June 29, its appeal was timely because two motions for reconsideration it filed extended the time for filing notice of appeal. The City contends that these motions did not effectively extend the time for appeal.

On June 29th the district court issued a three page memorandum and order. While this memorandum contained apparently dispositive language, it also included a discussion of legal issues constituting an opinion of the district court. Thus, the memorandum did not qualify as a judgment under Rule 58, Fed.R.Civ.P., which provides that:

> Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered [on the civil docket] as provided in Rule 79(a).

We outlined the scope and purpose of Rule 58's separate-document requirement in *United States v. Clearfield State Bank*, 497 F.2d 356, 358–59 (10th Cir.1974):

> Rule 58 applies where it is uncertain whether a final judgment has been entered, as where a trial judge writes an opinion or memorandum providing only the basis for the entry of judgment, but containing apparently directive or dispositive words such as "defendant's motion for summary judgment is granted." In such a situation, a judgment must be set out on a document separate from the opinion or memorandum.

(footnote omitted).

The separate-document requirement was established expressly to eliminate confusion about whether a purported "judgment" effectively started the running of the time for appeal, and

---

* Honorable David L. Russell, United States District Judge for the District of Oklahoma, sitting by designation.

to avoid the inequities that were inherent when a party appealed from a document or docket entry that appeared to be a final judgment of the district court only to have the appellate court announce later that an earlier document or entry had been the judgment and dismiss the appeal as untimely.

*Bankers Trust Co. v. Mallis*, 435 U.S. 381, 385, 98 S.Ct. 1117, 1120, 55 L.Ed.2d 357 (1978). *See Clearfield*, 497 F.2d at 358–59 n. 2. This objective led the Supreme Court to hold that the separate-document requirement must be "mechanically applied" in determining whether an appeal is timely:

Technical application of the separate-judgment requirement is necessary ... to avoid the uncertainties that once plagued the determination of when an appeal must be brought.

*Bankers Trust Co.*, 435 U.S. at 386, 98 S.Ct. at 1121. We decline to return to the melange of guesswork and confusion that antedated the separate-document rule. We find that final judgment was entered by the district court on September 1, 1982, and the United States' notice of appeal, filed on October 27, was therefore timely. Accordingly, we need not address the issue of whether the United States' motions for reconsideration effectively extended its time for appeal.

 We turn next to the United States' jurisdictional claim. Section 505(d) of the Clean Water Act allows for the award of "costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines that such award is appropriate." 33 U.S.C. § 1365(d). Even where a statute makes an award of costs allowable, however, federal courts lack jurisdiction to enter such judgments where they lack subject matter jurisdiction over the underlying action. *Smyth v. Asphalt Belt Ry.*, 267 U.S. 326, 330, 45 S.Ct. 242, 243, 69 L.Ed. 629 (1925); *Citizens Bank v. Cannon*, 164 U.S. 319, 324,

17 S.Ct. 89, 90, 41 L.Ed. 451 (1896). The United States argues that because the City sought damages in excess of $10,000, jurisdiction rested exclusively in the United States Claims Court, the district court did not have jurisdiction to hear the City's claim, and there was therefore no jurisdiction in the district court to award attorneys' fees and costs.

It is well established that the United States may not be sued without its consent. *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976); *Dry Creek Lodge, Inc. v. United States*, 515 F.2d 926, 930 (10th Cir.1975), *cert. denied*, 449 U.S. 1118, 101 S.Ct. 931, 66 L.Ed.2d 847 (1981). Under the Tucker Act, the United States has consented to suit with respect to certain claims for money damages by conferring jurisdiction to hear such claims upon the Claims Court, and, in more limited circumstances, the district courts. 28 U.S.C. §§ 1346(a), 1491 (Supp. V 1981).[1] Section 1491 provides that:

The Court of Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

Where the amount in controversy does not exceed $10,000, the United States district courts have concurrent jurisdiction with the Claims Court. 28 U.S.C. § 1346 (Supp. II 1978). The statute provides in pertinent part:

(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

. . . .

(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of

---

**1.** Through amendments to 28 U.S.C. § 1491 made by section 133(a) of the Federal Courts Improvement Act of 1982, 96 Stat. 39, the jurisdiction previously granted to the former Court of Claims was transferred to the newly created United States Claims Court, and the Court of Claims was abolished.

Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. . . .

■ Where the amount in controversy exceeds $10,000, however, the Claims Court has exclusive jurisdiction. *Amalgamated Sugar Co. v. Bergland,* 664 F.2d 818, 823 (10th Cir.1981).

In the case at hand, the City's counterclaim sought a judgment of $2,151,750 against the United States. The counterclaim sought no declaratory or injunctive relief, and was never amended.[2] The City argues in this appeal that, although it sought monetary damages in its pleadings, it later abandoned such claim, and at the time judgment was rendered by the district court sought merely declaratory and injunctive relief.

The district court recognized that the Tucker Act provides for exclusive jurisdiction in the Claims Court for non-tort monetary damage claims exceeding $10,000, but found that the City's was not such a claim:

> The counterclaim asserted by the City sought review of the Administrator's actions and an order by the court requiring the Administrator to perform the nondiscretionary duties under the Act. As it sought injunctive relief, the City is not limited by the Tucker Act's vesting of jurisdiction in the Court of Claims of actions against the United States seeking more than $10,000.00 in monetary damages.

Record, vol. 3, at 567.

In sum, the City initially sought only monetary damages, but at some point in the proceedings, apparently realizing the Tucker Act problem, began to seek merely injunctive and declaratory relief. The City's shift in requested remedies is unavailing, however, because even if characterized as a request for injunctive or declaratory relief, the City's claim runs afoul of

the Tucker Act under this court's decision in *Amalgamated Sugar Co. v. Bergland,* 664 F.2d 818, 823–24 (10th Cir. 1981); *see also Alamo Navajo School Bd. v. Andrus,* 664 F.2d 229, 233 (10th Cir.1981), *cert. denied,* 456 U.S. 963, 102 S.Ct. 2041, 72 L.Ed.2d 487 (1982).

In *Bergland,* plaintiff sugar beet processors sought a declaratory judgment in the district court that certain sugar was eligible for a federal price support program. Upon such determination hinged the availability of a potential grant of $700,000 for storage payments. Plaintiffs made no claim for this grant in the district court proceeding, but, rather, simply sought the determination of eligibility as the first step in their effort to obtain the payments. Plaintiffs' apparent tack was to go before the Secretary of Agriculture armed with the district court's declaration of eligibility, and then, in the event of an adverse ruling by the Secretary, to proceed to the United States Court of Claims to press a claim for the storage payments.

We held in *Bergland* that the controversy was not within the district court's jurisdiction because the plaintiffs' ultimate aim in seeking a declaratory judgment was to obtain the grant money, an amount in excess of $10,000:

> It is well-settled that the [exclusive] jurisdiction of the Court of Claims [over claims exceeding $10,000] cannot be evaded by framing a complaint to seek only injunctive, mandatory, or declaratory relief against government officials.

*Bergland,* 664 F.2d at 824.

■ In the case at hand, beyond the City's shift in focus from monetary damages to declaratory and injunctive relief lies the simple reality that at both the onset of the suit and the time the case was submitted for summary judgment the City's aim was the same—the obtaining of the grant money. The mere characterization of what is ultimately a monetary claim as a suit for non-monetary relief can-

---

**2.** The City proffered an amendment to the counterclaim that would have increased the amount

of the requested money judgment, but would not have changed the nature of the relief sought.

not work to avoid the exclusive jurisdiction of the Claims Court.

We find that the district court did not have jurisdiction to hear plaintiff's counterclaim. The judgment is vacated.

Dumbauld, District Judge sitting by designation, concurred and filed an opinion.