**Rickke Leon GREEN, Plaintiff–Appellant,**

v.

**Thomas SEYMOUR, Stephanie K. Seymour, John P. Moore, Deanell Tacha, Wade Brorby, William Holloway, David Ebel, Bobby R. Baldock, Monroe G. McKay, James Logan and Stephen H. Anderson, Defendants–Appellees.**

No. 92–5207.

United States Court of Appeals, Tenth Circuit.

July 11, 1995.

---

Rickke Leon Green, pro se.

No appearance for defendants-appellees.

Before FLOYD R. GIBSON, Senior Circuit Judge of the Eighth Circuit, FRIEDMAN, Senior Circuit Judge of the Federal Circuit, and ALARCON, Senior Circuit Judge of the Ninth Circuit, sitting by designation (all the active and senior circuit judges of this court are recused).

FRIEDMAN, Senior Circuit Judge.

This is an appeal from an order of the United States District Court for the Northern District of Oklahoma dismissing under 28 U.S.C. § 1915(d) (1988) as frivolous the appellant Green's civil suit against all of the active judges of this court and the husband of the chief judge. He alleges that they con-

spired to deny him his constitutional right of access to the courts. We affirm.

## I.

The appellant Green has been incarcerated in the Oklahoma prison system since 1972, following his state conviction for armed robbery. *Green v. Johnson,* 977 F.2d 1383, 1385 (10th Cir.1992). He remained incarcerated since then "because of additional convictions that have been imposed as a result of his assaultive behavior." *Id.* at 1385–6. "In 1975 [he] was placed in administrative segregation because of his aggressive and assaultive conduct, both for his protection and for the protection of others. He remained there continuously until 1984 and has been in administrative segregation for most of the time since." *Id.* at 1386.

The present suit by Green stems from two prior federal court suits he filed. The first was a suit under 42 U.S.C. § 1983 against prison guards and officials, alleging they had violated his constitutional rights. *Green v. Johnson,* No. 85–647–C (E.D.Ok.). The appellee Mr. Seymour, the husband of the chief judge of this court, was his attorney in the case. Shortly before trial Green fired Mr. Seymour. In his present complaint Green alleges that Mr. Seymour became angry and threatened him, stating that Mr. Seymour would use his influence with his wife and three friends who were judges of the 10th Circuit, to bar him from court. Green asserts that Mr. Seymour concluded the conversation by stating that "You black boys don't understand who controls the judicial system."

In *Johnson,* we stated:

In 1975 [he] was placed in administrative segregation because of his aggressive and assaultive conduct, both for his protection and for the protection of others. He remained there continuously until 1984 and has been in administrative segregation for most of the time since.

*Id.* at 1386.

The record in that case showed that after Green repeatedly engaged in disruptive conduct and had several verbal altercations with prison officers, an officer knocked him to the floor of his cell, and three other officers entered the cell and, using "unnecessary excess force," restrained plaintiff. *Id.* at 10. "Plaintiff was pinned down by four large correction officers. Plaintiff was struck more than once on his face and head. His body was repeatedly kicked and his feet were twisted at the ankle" ... Plaintiff received a cut on his nose and under his eye. *Id.* ... Plaintiff was taken back to the infirmary where he was again attacked. "Johnson lectured plaintiff. Green and Morgan would strike plaintiff about the face and neck if he was unresponsive to Johnson's commentary, and use other means of intimidation." *Id.* at 1386–7.

After a bench trial, the court awarded Green damages of $15,000 but denied him other relief. On appeal Green challenged the damages as inadequate. This court affirmed the award and the denial of punitive damages, but remanded the case to the district court for further proceedings on several of Green's other claims. *Green v. Johnson,* 977 F.2d 1383 (1992).

The second case was another section 1983 suit, in which Green also was represented by counsel. *Green v. Dorrell,* 969 F.2d 915 (10th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1336, 122 L.Ed.2d 720 (1993). Two months after filing suit, Green personally, not through his attorney, as FRCP 11 required, moved to substitute counsel. [*Dorrell,* 969 F.2d at 916; Add. A, Pet. for Cert. p. 2] He later personally moved to dismiss counsel and to proceed pro se. [*Dorrell,* 969 F.2d at 916; Add. A, Pet. for Cert. p. 2–4] The defendants moved to dismiss the action. [*Dorrell,* 969 F.2d at 916, Add. A, Pet. for Cert. p. 3] Green failed to respond within 10 days as Local Rule 14(a) of the Eastern District of Oklahoma required. [*Dorrell,* 969 F.2d at 916] Instead, almost a month later, Green's counsel sought to withdraw and requested an extension of time to answer the motion to dismiss. [*Dorrell,* 969 F.2d at 916; Add A, Pet. for Cert. p. 3]

The district court denied Green's motion to dismiss counsel, denied his counsel's request for an extension of time and application to

withdraw, and granted the defendants' motion to dismiss. [*Dorrell*, 969 F.2d at 916; Add A, Pet. for Cert. p. 4] On the same day, Green moved to recuse the district judge, a motion which the judge did not address. [*Dorrell*, 969 F.2d at 916; Add A, Pet. for Cert. p. 4]

On Green's appeal, this court affirmed. *Green v. Dorrell*, 969 F.2d at 915. The court held that the dismissal was a proper sanction for filing several motions that did not comply with Rule 11 and that the district court was not required to address Green's untimely and insufficient recusal motion. *Id.* at 918–19. Green petitioned for rehearing en banc, which was denied, and filed a petition for a writ of certiorari, which was denied.

Green then filed the present suit alleging that Mr. Seymour and the judges of this court, in retaliation for his dismissal of Mr. Seymour and because of racial animus, conspired to deny him access to the courts by affirming the dismissal of *Green v. Dorrell*, and by denying rehearing en banc in that case. He seeks a declaratory judgment that his rights have been violated and a permanent injunction that prohibits the defendant judges, their successors in office, and their agents and employees from (1) "rendering nothing less than well-founded, logical, and impartial judicial decisions" in any of Green's present or future appeals, and (2) retaliating against him for the present suit. He also seeks compensatory damages of $1 million and punitive damages of $1 million from Mr. Seymour, apparently based on the latter's alleged participation in the conspiracy.

The only factual basis Green sets forth for this conspiracy claim are Mr. Seymour's alleged threats and this court's panel decision and denial of rehearing in *Green v. Dorrell*, which he asserts demonstrate that the judges of this court conspired with Mr. Seymour. He apparently accepts this court's factual description in the panel opinion of the proceedings in that case, since he refers to his petition for writ of certiorari there, which tracked that factual description.

The district court granted Green permission to proceed in forma pauperis but dismissed his complaint without prejudice before service of process. The court ruled that the "complaint lacks an arguable basis in law and in fact, and should be dismissed as frivolous." The court stated:

> Plaintiff alleges no competent facts to support his claim of a conspiracy, nor does he allege any competent facts to support his claims of racial discrimination or a retaliatory animus on the part of Defendants. The court finds that Plaintiff's claims are fanciful, delusional, and malicious.

**II.**

Federal Rule of Civil Procedure 58 requires that "[e]very judgment shall be set forth on a separate document. A judgment is effective only when so set forth...." There was no separate judgment document in this case.

The "parties to an appeal," however, "may waive the separate judgment requirement of Rule 58" by failing to object to the absence of a separate judgment, provided that "the District Court clearly evidenced its intent that the opinion and order from which an appeal was taken would represent the final decision in the case." *Banker's Trust Co. v. Mallis*, 435 U.S. 381, 387, 98 S.Ct. 1117, 1121, 55 L.Ed.2d 357 (1978). Green has not objected to the absence of a separate judgment, and the district court's order "evidences its intent that [it] would represent the final decision in the case." *Aviles v. Lutz*, 887 F.2d 1046, 1047–48 n. 1 (10th Cir.1989).

After ruling that the complaint "should be dismissed as frivolous," the penultimate sentence of the order stated: "Accordingly, Plaintiff's complaint is hereby dismissed without prejudice." This was followed by "SO ORDERED THIS 2nd day of Oct., 1992." Here, as in *Aviles*, where the district court similarly "failed to enter a 'final judgment' on a separate document as required by Fed.R.Civ.P. 58 ... and where no question exists as to the finality of the district court's decision, the absence of a Rule 58 judgment will not prohibit appellate review.... [B]ecause the district court in this case disposed of the entire complaint, we may exercise jurisdiction over Aviles' appeal." *Id.*

The present case is unlike *United States v. Kansas City,* 761 F.2d 605 (10th Cir.1985) (and similar cases), in which the separate-document rule was "mechanically applied." *Id.* at 607. In that case there were two orders, and the question was which order was the final judgment for purposes of appeal. That determination was necessary to ascertain whether the appeal was timely. The court pointed out that "[t]he separate-document requirement was established expressly to eliminate confusion about whether a purported 'judgment' effectively started the running of the time for appeal...." *Id.* at 606.

■ In the present case, however, no such confusion is possible because there is only a single order and no challenge to the timeliness of the appeal. Here, "nothing but delay would flow from requiring the court of appeals to dismiss the appeal. Upon dismissal, the district court would simply file and enter the separate judgment from which a timely appeal would then be taken." *Banker's Trust,* 435 U.S. at 385, 98 S.Ct. at 1120. Green waived any objection to the lack of a separate judgment document by appealing from the district court's order.

### III.

■ Section 1915(d) of Title 28 authorizes a district court to dismiss a forma pauperis case if the court is "satisfied that the action is frivolous or malicious." A complaint "is frivolous where it lacks an arguable basis either in fact or law." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989).

This provision "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.... Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Id.* at 327–28, 109 S.Ct. at 1832–33. Under this provision "frivolousness is a decision entrusted to the discretion of the court entertaining the in forma pauperis petition" and "a

§ 1915(d) dismissal is properly reviewed for an abuse of that discretion." *Denton v. Hernandez,* 504 U.S. 25, 33–34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

■ The district court did not abuse its discretion in dismissing Green's complaint based on its determination that the complaint was frivolous because Green had alleged "no competent facts to support his claim of a conspiracy, nor [did] he allege any competent facts to support his claims of racial discrimination or a retaliatory animus on the part of Defendants."

Green has not set forth in his complaint any facts supporting his conspiracy claim. His argument, as we understand it, is that the court's decision in *Dorrell* affirming the dismissal of his complaint was so egregiously wrong that it must have resulted from a conspiracy among the members of the panel to deny him his rights, and that by refusing to rehear the case en banc and reverse the panel decision, the other members of the court thereby joined the conspiracy.

Green's complaint does not allege fraud on the court and nothing in it would support such a claim. Except for cases involving fraud on the court, we know of no basis upon which a decision of a court of appeals, valid on its face, and the denial of rehearing en banc of that decision, may be challenged as the product of a conspiracy among the judges to deny the losing litigant his rights.

■ A charge of judicial misconduct cannot be based solely upon the way the court decided a particular case. *Cf.* 28 U.S.C. § 372(c)(3)(A)(II) (authorizing the chief judge of a circuit or district to dismiss a complaint alleging that a circuit or district judge has engaged in conduct "prejudicial to the effective and expeditious administration of the business of the courts" if the chief judge finds that the complaint is "directly related to the merits of a decision or procedural ruling"). The "compelling policy" underlying the "statutory directive for dismissal of complaints of judicial misconduct which in substance are simply objections to substantive or procedural error," *In re Charge of Judicial*

*Misconduct,* 685 F.2d 1226, 1227 (9th Cir. Jud.Coun.1982), is equally applicable here:

> To determine whether a judge's rulings were so legally indefensible as to mandate intervention would require the same type of legal analysis as is afforded on appeal. More important, the gravamen of the complaint is not the fitness of the judge, but the merit of his decision. Disciplinary procedures must not be used to correct judicial mistakes.

*Id.*

The rationale of the doctrine of judicial immunity—"the risk that judges will be harassed and their independence compromised by the threat of having to defend themselves against suits by disgruntled litigants," *Pulliam v. Allen,* 466 U.S. 522, 537–8, 104 S.Ct. 1970, 1978–9, 80 L.Ed.2d 565 (1984) (footnote omitted)—also is equally applicable to Green's charge that in performing their judicial duties the judges of this court were engaging in a conspiracy against him.

■ In essence, Green's suit is an attempt collaterally to challenge the decision of this court in *Dorrell,* which the Supreme Court declined to review by denying Green's petition for a writ of certiorari. A district court cannot review and reverse a decision of a court of appeals that is challenged in a civil rights suit. *See, e.g., Fleming v. United States,* 847 F.Supp. 170, 172 (D.D.C.1994) (district court had no jurisdiction to hear § 1983 case seeking collaterally to attack decision of 4th Circuit); *People ex. rel. Snead v. Kirkland,* 462 F.Supp. 914, 923 (E.D.Pa. 1978) (district court had no authority in civil rights suit to vacate conviction affirmed by court of appeals); *Carino v. Grasso,* 413 F.Supp. 75, 77 (D.Conn.1976) (district court had no authority to reconsider, in civil rights suit, the decision of three-judge district court and circuit justice to allow extradition of plaintiff to another state). Under similar reasoning, the district court in this case had no authority to overturn the prior decision of this court on the basis of an allegation that that decision was the product of a conspiracy among the judges.

Green's claims that the judges' decision against him was in retaliation for his dismissal of Mr. Seymour and reflected racial discrimination similarly were without adequate factual basis and were frivolous.

## IV.

■ Green's charge against his former lawyer, Mr. Seymour, stands on no firmer footing. If, as the district court correctly held, Green's allegation that the judges of this court engaged in a conspiracy against him is frivolous, his allegation that Mr. Seymour was a party to, and indeed the instigator or leader of, that conspiracy fails to state a claim against him cognizable in federal court. In the absence of any valid claim of a conspiracy among federal or state officials, there is no basis for a claim under § 1983 against Mr. Seymour, a private citizen. *See Polk County v. Dodson,* 454 U.S. 312, 319–2, 102 S.Ct. 445, 450–2, 70 L.Ed.2d 509 (1981).

## V.

Green's complaint was "based on an indisputably meritless legal theory" and involved claims "whose factual contentions are clearly baseless." *Neitzke,* 490 U.S. at 327, 109 S.Ct. at 1833. The district court did not abuse its discretion in summarily dismissing Green's complaint.

AFFIRMED.