74 F.3d 1249
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Joseph DUPATY, Plaintiff-Appellant,
v.
W.A. PERRILL, Calvin R. Edwards, John L. Megathlin,
Defendants-Appellees.
 No. 95-1356.
 United States Court of Appeals, Tenth Circuit.
 Jan. 4, 1996.
 
 Before ANDERSON, BARRETT and LOGAN, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 BARRETT, Judge
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Joseph Dupaty, federal prisoner at the Federal Correctional Institute at Englewood, Colorado (F.C.I.), appearing pro se, and having been granted the right to proceed in forma pauperis, appeals from the district court's Order of Dismissal, finding that Dupaty's complaint is legally frivolous pursuant to 28 U.S.C.1915(d).
 
 
 3
 Dupaty filed this action pursuant to Biven v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), alleging that defendants, W.A. Perrill, Warden of F.C.I., John L. Megathlin, national inmate appeals administrator, and Calvin R. Edwards, Bureau of Prisons regional director, were informed of his serious heart condition compounded by high blood pressure but failed to provide him with a special diet directed by the medical staff resulting in a triple by-pass operation performed on him. He contends that the operation was caused by the deliberate indifference of the defendants to his serious medical needs, after his need for a special diet which would reduce the cholesterol, fat and salt in the regular prison diet was made known to the defendants. He argued that these actions constituted cruel and unusual punishment in violation of the Eighth Amendment to the Constitution of the United States.
 
 
 4
 On appeal, Dupaty contends that the district court erred in dismissing his complaint and action as legally frivolous. He urges that we reverse and remand to either order process or permit him to amend the complaint.
 
 
 5
 We review a dismissal pursuant to 28 U.S.C.1915(d) for an abuse of discretion. Green v. Seymour, 59 F.3d 1073, 1077 (10th Cir.1995). A complaint "is frivolous where it lacks an arguable basis either in fact or in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 6
 We have reviewed the entire record on appeal. We AFFIRM substantially for the reasons set forth in the district court's Order of Dismissal dated July 18, 1995, and entered July 19, 1995.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3