74 F.3d 1250
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Shela Mae STEIN, Plaintiff-Appellant,
v.
The DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, Defendant-Appellee.
 No. 95-6142.
(D.C.No. CIV-94-1340-T)
 United States Court of Appeals, Tenth Circuit.
 Jan. 17, 1996.
 
 Before ANDERSON, BARRETT and LOGAN, Circuit Judges.
 ORDER AND JUDGMENT[1]
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Shela Stein (Stein), appearing pro se and in forma pauperis, appeals from the district court's order of August 23, 1994, dismissing her civil rights complaint against the Department of Housing and Urban Development (HUD) with prejudice as frivolous under 28 U.S.C. Sec. 1915(d).
 
 
 3
 Stein's complaint alleges, in conclusory manner, that on June 9, 1994, she moved into a HUD apartment at "2614 N. Kelly # D," city and state unmentioned, only to find that the apartment had "no blinds, no air conditioning, a major roach infestation, plumbing problems in the BR, a shower curtain not in proper place, a stove that doesn't even half-work, a bedroom door which doesn't close and worthless closets." (R., Vol. I, Tab 2, p. 1). Stein alleged that although some of these problems were taken care of, the majority were not. Further, she complained that she was being constantly stalked by the residents and that the management and security did nothing about it, nor did the County Courthouse Clerk. Stein prayed for declaratory relief pursuant to 28 U.S.C. Secs. 2201 and 2202 "whereby plaintiff wants a luxury home, luxuriously furnished by HUD according to my tastes, of course, all bills paid by the Corporation Commission on Utilities, to include a limousine and a nice big expense account for the rest of my life and that of her children." Id. at 3.
 
 
 4
 On appeal, Stein asks this court to (1) return to her her checks, (2) Section 8, (3) upgrade the security of her HUD apartment, and (4) $20,000.
 
 
 5
 A finding that a complaint is frivolous is a decision entrusted to the discretion of the trial court which we review for an abuse of discretion. Green v. Seymour, 59 F.3d 1073, 1077 (10th Cir.1995). Here, the plaintiff-appellant has not stated even an arguable claim for relief. See Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir.1991). We have defined abuse of discretion as an "arbitrary, capricious, whimsical, or manifestly unreasonable judgment." FDIC v. Oldenburg, 34 F.3d 1529, 1555 (10th Cir.1994). We hold that the district court did not abuse its discretion here.
 
 
 6
 We AFFIRM.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. Citation of unpublished orders and judgments is not favored. Nevertheless, an unpublished decision may be cited if it has persuasive value with respect to a material issue that has not been addressed in a published opinion and it would assist the court in its disposition. A copy of the decision must be attached to the brief or other document in which it is cited, or, if cited in oral argument, provided to the court and all other parties