76 F.3d 393
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Shela Mae STEIN, Plaintiff-Appellant,
v.
MUNICIPAL COURTHOUSE, Defendant-Appellee.
 No. 95-6148.
 United States Court of Appeals, Tenth Circuit.
 Jan. 29, 1996.
 
 Before ANDERSON, BARRETT and LOGAN, Circuit Judges.
 ORDER AND JUDGMENT[1]
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Shela Stein (Stein), appearing pro se and in forma pauperis, appeals from the district court's order dismissing with prejudice to its refiling Stein's complaint as legally frivolous.
 
 
 3
 Stein's 42 U.S.C.1983 complaint, filed August 18, 1994, named Municipal Court of 700 Couch Dr., Oklahoma City, Oklahoma, and Judge Lathion, Administrator, as defendants. Stein alleged that at some unspecified time she was falsely arrested for trespassing on public property (apparently the public library) as a result of some dispute between she and personnel of the library concerning Stein's library card and its proper identification of her residence. Stein demanded that the court (1) close the Municipal Library and the Municipal Court, and remove from the bench the judges of the Municipal Court, (2) award her $170,000 and reasonable attorneys fees, and (3) award her such other and further relief as may be proper.
 
 
 4
 On appeal, Stein argues that false arrest and refusal of the municipal court to throw out the trespassing on public property charge are not frivolous but instead are clearly unconstitutional. She states that the use of police by a court to throw one into jail for no reason is not frivolous.
 
 
 5
 A finding that a complaint is frivolous is a decision entrusted to the discretion of the trial court which we review for an abuse of discretion. Green v. Seymour, 59 F.3d 1073, 1077 (10th Cir.1995). An abuse of discretion has been defined as an "arbitrary, capricious, whimsical, or manifestly unreasonable judgment." FDIC v. Oldenburg, 34 F.3d 1529, 1555 (10th Cir.1994). Here, plaintiff-appellant Stein has not stated even an arguable claim for relief. See Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir.1991). There has been no abuse of discretion here. Furthermore, as pointed out by the district court, judges are immune from civil rights suits under the doctrine of common-law immunity for acts committed within the scope of their judicial jurisdiction. See Stump v. Sparkman, 435 U.S. 349 (1978); Pierson v. Ray, 386 U.S. 547 (1967). Even if we were to construe Stein's complaint as one seeking injunctive relief against the municipal judge, see Pulliam v. Allen, 466 U.S. 522 (1984), we agree with the district court that Stein has not alleged any factual or legal basis for equitable relief.
 
 
 6
 We affirm substantially for the reasons set forth in the district court's Order of August 26, 1994.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. Citation of unpublished orders and judgments is not favored. Nevertheless, an unpublished decision may be cited if it has persuasive value with respect to a material issue that has not been addressed in a published opinion and it would assist the court in its disposition. A copy of the decision must be attached to the brief or other document in which it is cited, or, if cited in oral argument, provided to the court and all other parties