76 F.3d 393
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Shela STEIN, Plaintiff-Appellant,
v.
UNITED STATES of America, sued as The Federal Government,
Defendant-Appellee.
 No. 95-6147.
 United States Court of Appeals, Tenth Circuit.
 Jan. 29, 1996.
 
 Before ANDERSON, BARRETT and LOGAN, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 BARRETT, Senior United States Circuit Judge.
 
 
 2
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Shela Stein (Stein), appearing pro se and in forma pauperis, appeals the district court's Order dismissing her action brought under the Food Stamp Act of 1977 as frivolous pursuant to 28 U.S.C.1915(d).
 
 
 4
 Stein filed her complaint against The Federal Government, Att: Janet Reno, as a class action for declaratory and injunctive relief for "failure to provide assistance in emergency situations" as required by the Food Stamp act of 1977. Stein brought the action as a resident of Oklahoma City, Oklahoma, and as a citizen of the United States, on behalf of her seven children "who have been, are and will be deprived of the Food Stamp Program because of the defendants' violations of the statutes, regulations, and instructions governing the issuance of food coupons, and the replacement of lost or stolen ATP cards, on an immediate basis, and the issuance of money assistance and medicare with an emergency need for such benefits." (R., Vol. I, Tab 2). Stein alleged that she and her seven children were entitled to receive $4,000 in food stamp allotment; $20,000 in money assistance on an emergency basis; $2600 monthly in food stamp coupons; and $18,000 monthly money assistance and medicare.
 
 
 5
 On appeal, Stein asks that we reverse the district court and award her and her children the money requested.
 
 
 6
 We review a district court's order dismissing a forma pauperis case as frivolous under the abuse of discretion standard. Green v. Seymour, 59 F.3d 1073, 1077 (10th Cir.1995). Abuse of discretion has been defined as an "arbitrary, capricious whimsical or manifestly unreasonable judgment." FDIC v. Oldenburg, 34 F.3d 1529, 1555 (10th Cir.1994). In Neitzke v. Williams, 490 U.S. 319, 325, 327-28 (1989), the court observed that 1915(d) authorizes a district court to dismiss a forma pauperis case when it is based on an indisputable meritless legal theory or based on a complaint whose factual allegations are clearly baseless, i.e., those describing fantastic or delusional scenarios. We hold that the district court did not abuse its discretion in this case.
 
 
 7
 We AFFIRM substantially for the reasons set forth in the district court's Order of August 29, 1994.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. Citation of unpublished orders and judgments is not favored. Nevertheless, an unpublished decision may be cited if it has persuasive value with respect to a material issue that has not been addressed in a published opinion and it would assist the court in its disposition. A copy of the decision must be attached to the brief or other document in which it is cited, or, if cited in oral argument, provided to the court and all other parties