No. 95-2247, Ogden v. Farmington Police
Attached trial court order and magistrate judge's recommendation not available electronically.

KEVIN K. OGDEN,

     Plaintiff-Appellant,

v.

FARMINGTON POLICE DEPARTMENT; CITY OF FARMINGTON; SAN JUAN COUNTY DISTRICT ATTORNEY; SAN JUAN COUNTY DISTRICT ATTORNEY, Assistant; SAN JUAN COUNTY; SAN JUAN COUNTY DETENTION CENTER; STATE OF NEW MEXICO,

     Defendants-Appellees.

No. 95-2247
(D.C. No. 94-364)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.


After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

ordered submitted without oral argument.

Mr. Ogden brought suit against several public entities and officials claiming myriad constitutional violations. The United States District Court for the District of New Mexico dismissed all but one of Mr. Ogden's claims *sua sponte* as frivolous pursuant to 28 U.S.C. § 1915(d) (1994). As to Mr. Ogden's claim he was denied sufficient "yard time" in violation of the Eighth Amendment, the court granted summary judgment in favor of Defendants. Mr. Ogden now brings this appeal, and we affirm.[1]

Section 1915(d) authorizes a district court to dismiss a forma pauperis case if the court is satisfied the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint "'is frivolous where it lacks an arguable basis either in law or fact.'" *Green v. Seymour*, 59 F.3d 1073, 1077 (10th Cir. 1995) (quoting *Nietzke v. Williams*, 490 U.S. 319, 325 (1989)). This provision accords judges the authority to dismiss claims based on indisputably meritless

---

[1] Mr. Ogden also argues on appeal that the Detention Center gave him inadequate medical treatment. However, the district court dismissed this claim because it was being addressed in another case. *See Ogden v. San Juan County Detention Center*, Nos. 94-2272 & 95-2190, _____, 1996. We affirm the district court's dismissal of the inadequate medical care claim.

theories. *Id.* Because the frivolous determination is a discretionary one, we review dismissals pursuant to § 1915(d) for abuse of discretion. *Denton*, 504 U.S. at 33. Upon careful review of the record, we agree with the district court's determinations, and affirm the dismissals pursuant to § 1915(d) for substantially the same reasons set forth by the trial court in its attached order.

We review a grant of summary judgment *de novo*. Summary judgment is appropriate if the affidavits and other evidence on record show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Wolf v. Prudential Ins. Co.*, 50 F.3d 793, 796 (10th Cir. 1995). When responding to a motion for summary judgment, a plaintiff can no longer rely on pleadings alone; instead, the non-movant must set forth, by affidavits or other evidence, specific facts sufficient to show there is a genuine issue for trial. Fed. R. Civ. P. 56(e). Upon careful review of the record, we agree with the magistrate's well-reasoned recommendation; Mr. Ogden failed to present any evidence supporting his allegations that he was denied "yard time" in violation of the Eighth Amendment. We therefore affirm the district court's grant of summary judgment in favor of Defendants for substantially the same reasons set forth by the magistrate judge in his recommendation attached hereto.

**Entered for the Court:**

**WADE BRORBY**
United States Circuit Judge