**Filed 12/23/96**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

TYRONE MCDANIEL YAHWEH,

    Plaintiff-Appellant,

v.

ARISTEDES ZAVARAS,
Administrations and Staffs,

    Defendant-Appellee.

No. 95-1515
(D.C. No. 95-S-2094)
(D. Colo.)

---

ORDER AND JUDGMENT[*]

---

Before PORFILIO, ALARCON,[**] and LUCERO, Circuit Judges.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     Honorable Arthur L. Alarcon, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

In this case,[1] plaintiff challenges the district court's dismissal of his civil rights suit as legally frivolous pursuant to former 28 U.S.C. § 1915(d).[2] We conclude the complaint is not frivolous. Accordingly, we reverse and remand for further proceedings.

Plaintiff, a prisoner, filed a pro se suit in district court pursuant to 42 U.S.C. § 1983, contending that he was being denied access to the courts because prison authorities refused him physical access to the law library. The district court ordered a <u>Martinez</u> report. The <u>Martinez</u> report set out the prison's policies with regard to access to legal materials, which show that the prison provides several alternatives to physical access to a library, such as borrowing books and other reference materials, and seeking help from a legal assistant or an available "access attorney." Plaintiff filed a pleading entitled "Motion for Summary Judgment," which the district court construed as his response to the <u>Martinez</u> report. The district court considered both the <u>Martinez</u> report and plaintiff's response in reviewing the complaint's legal sufficiency. See <u>Hall v.</u>

---

[1]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

[2]     Section 1915 was substantially amended in April of 1996 the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), as discussed further herein. Prior to that date, § 1915(d) provided in part that the district court "may dismiss the case . . . if satisfied that the action is frivolous or malicious."

Bellmon, 935 F.2d 1106, 1112-13 (10th Cir. 1991) (holding that court may consider Martinez report as attached to plaintiff's complaint and noting plaintiff's response).

"It is now established beyond doubt that prisoners have a constitutional right of access to the courts." Bounds v. Smith, 430 U.S. 817, 821 (1977). Nonetheless, physical access to a prison law library is not a right. See Penrod v. Zavaras, 94 F.3d 1399, 1403 (10th Cir. 1996) (quoting Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996)). The right of access to the courts may be satisfied by alternative means that allow a prisoner "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Bounds, 430 U.S. at 825.

Quoting the Martinez report, the district court noted the availability of alternative means, and stated that plaintiff did not deny the existence of the policies and the facts as set out in the report. The court recognized plaintiff's allegations that the access attorney was not a reasonable alternative to physical access to the library, but characterized them as dissatisfaction "with the manner in which he can obtain legal materials or assistance from persons trained in the law." The district court then dismissed plaintiff's complaint as frivolous under 28 U.S.C. § 1915, apparently because it concluded plaintiff had not challenged the prison's alternative means of access. We review the district court's dismissal of

the action for abuse of discretion. <u>Green v. Seymour</u>, 59 F.3d 1073, 1077 (10th Cir. 1995).

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." <u>Hall</u>, 935 F.2d at 1110 (citing <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)). Although a liberal reading of plaintiff's pro se pleadings does not free him of the obligation to plead sufficient facts, "[n]ot every fact must be described in specific detail." <u>Id.</u> Our review of the record on appeal demonstrates that, while plaintiff did not challenge the availability of alternatives to physical access to the library, he did challenge the adequacy of those alternatives. Further, we cannot conclude that his allegations are vague or merely conclusory. <u>Cf.</u> <u>Hall</u>, 935 F.2d at 1110 (standards afforded pro se pleadings do not relieve plaintiff of burden to allege sufficient facts); <u>Frazier v. Dubois</u>, 922 F.2d 560, 562 n.1 (10th Cir. 1990) (conclusory allegations insufficient to state a claim).

In his response to the <u>Martinez</u> report, plaintiff made the following statements: "The access attorney limits his visit with an inmate to 15 minutes per session and no more than 4 session [sic] per month. The access attorney will not perform legal research for inmates. The access attorney will not prepare legal documents for inmates." Standing alone, these factual allegations may not necessarily state a claim for relief. However, plaintiff also alleges that "the

access attorney is not a reasonable alternative to the access to the prison law library." His citation to various legal authorities denouncing other prisons' book loan policies constitutes a challenge to the adequacy of that alternative as well. We conclude that plaintiff's complaint set out a challenge to the prison's policies with regard to access to the courts that should have survived summary dismissal for legal frivolousness. Hence, the district court abused its discretion in sua sponte dismissing plaintiff's complaint on that basis.

REVERSED and REMANDED for further proceedings.[3]

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[3] On remand, the district court should consider whether the amendments to 28 U.S.C. § 1915 apply to this case and, if so, how they interrelate with Fed. R. Civ. P. 15 and the lenient standards afforded pro se pleadings.