UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

**Filed 1/6/97**

GARY G. LOHSE,

        Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
of Social Security,

        Defendant-Appellee.

No. 96-1098
(D.C. No. 95-S-2945)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before EBEL and HENRY, Circuit Judges, and DOWNES,[**] District Judge.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable William F. Downes, District Judge, United States District Court for the District of Wyoming, sitting by designation.

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff, proceeding pro se, brought this action seeking damages resulting from the Social Security Administration's alleged unconstitutional delay in adjudicating his claim for disability benefits. By order and judgment entered June 14, 1994, this court reversed the Secretary's denial of plaintiff's 1990 application for disability benefits and remanded the case to the agency for further proceedings. Lohse v. Shalala, No. 93-1392 (10th Cir. June 16, 1994)(unpublished order and judgment). Plaintiff filed the present action in late November 1995, claiming that he had yet to receive a hearing before an administrative law judge (ALJ) after remand from this court. Plaintiff alleged that, as a result of the agency's delay in adjudicating his claim, he had been "deprived of Medicare for much needed medical treatment, medical maintenance medications, which are life threatening, if not able to purchase," and he had "endured pain & suffering, undue hardship, loss of property, increased major depression, also much needed medical treatment, prescribed by orthopedic surgeon and primary care physician and psychiatrist." R. Vol. I, Doc. 3 at 2.

The district court ordered the Commissioner to file a Martinez[1] report, which she did in February 1996. The Martinez report stated that a hearing had

---

[1] Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978).

been held on plaintiff's disability claim on February 6, 1996, but that the ALJ had not yet issued a decision. Plaintiff did not respond to the Martinez report and, on March 12, 1996, the district court entered an order dismissing this action as frivolous under 28 U.S.C. § 1915(d). Plaintiff subsequently filed a motion seeking to strike the dismissal order and to obtain additional time in which to respond to the Martinez report. The district court denied the motion, and this appeal followed.

The district court dismissed the action on essentially three grounds. First, the court concluded that it did not have jurisdiction over the action under 42 U.S.C. §§ 401-433 because the Commissioner had not yet issued a final decision on plaintiff's disability application, so plaintiff had not met the finality requirements of § 405(g). Second, the court determined that, to the extent plaintiff sought relief in the nature of an order directing the agency to adjudicate his claim more quickly, such relief was barred pursuant to Heckler v. Day, 467 U.S. 104 (1984). Finally, the court determined that, to the extent plaintiff sought to allege a Bivens[2] claim against a federal official, the claim was without merit. The court reasoned that, because plaintiff was already receiving social security

---

[2] Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388, 397 (1971)(holding that a constitutional violation by a federal official acting under color of his authority may give rise to an action for damages).

benefits based on an application he filed in December 1994, and because he was awaiting the agency's determination of his entitlement to additional benefits under his 1990 application, the facts did not establish that plaintiff had been deprived of a constitutional right.

We review the district court's dismissal under § 1915(d) for an abuse of discretion. See Green v. Seymour, 59 F.3d 1073, 1077 (10th Cir. 1995). Based upon our review of the record, the parties' briefs, and the pertinent law, we affirm the dismissal, though on different grounds than those upon which the district court relied. See Swoboda v. Dubach, 992 F.2d 286, 291 (10th Cir. 1993)(recognizing that an appellate court can affirm a district court for reasons other than those relied upon by the district court).

Contrary to the district court's statement, the requirement that a claimant exhaust his administrative remedies and obtain a final decision from the Commissioner before seeking judicial review under § 405(g) is not jurisdictional, and can be waived under appropriate circumstances. Bowen v. City of N.Y., 476 U.S. 467, 482-83 (1986); Mathews v. Eldridge, 424 U.S. 319, 328 (1976). The only element of § 405(g)'s finality requirement that is jurisdictional, and, therefore, not subject to waiver, is the requirement that a claim for benefits actually be presented to the agency. City of N.Y., 476 U.S. at 483; Mathews, 424 U.S. at 328. Plaintiff has fulfilled this nonwaivable requirement.

Even when liberally construed, however, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), a fair reading of plaintiff's complaint reveals that he seeks only money damages for the injuries resulting from the agency's alleged unconstitutional delay. He does not seek injunctive or declaratory relief, nor does he seek relief in the nature of mandamus.[3]

Therefore, we need not consider whether the facts of this case would warrant waiving the § 405(g) requirement that a claimant exhaust his adminstrative remedies and secure a final agency decision before seeking judicial review. See City of N.Y., 476 U.S. at 483-84 (setting forth factors to consider). Instead, we need only consider whether plaintiff can bring a claim for money damages resulting from alleged unconstitutional conduct by the agency in adjudicating his claim for benefits. Based upon the Supreme Court's opinion in Schweiker v. Chilicky, 487 U.S. 412 (1988), we think the clear answer is "No."

The plaintiffs in Chilicky were social security claimants whose disability benefits had been improperly terminated, allegedly as a result of unconstitutional

---

[3] Contrary to the district court's suggestion, if plaintiff were seeking injunctive relief aimed at ordering the agency to adjudicate his claim more quickly, the Supreme Court's opinion in Heckler v. Day would not bar such relief. The Court in Day reviewed a district court's injunction that set mandatory deadlines for the agency's adjudication of all future claims, statewide. 467 U.S. 109-10. While striking down such broad, prospective relief, id. at 110-11, 119, the Court made clear that it was not prohibiting the proper use of injunctive relief to remedy an individual claim, id. at 119 n.33.

policies attributable to the defendant officials.  The plaintiffs sought money damages for "emotional distress and for loss of food, shelter and other necessities proximately caused by [defendants'] denial of benefits without due process," id. at 419 (quotation omitted), which injuries, the plaintiffs contended, could not be fully recompensed by the retroactive award of back benefits, id. at 428.  While "agree[ing] that suffering months of delay in receiving the income on which one has depended for the very necessities of life cannot fully be remedied by the belated restoration of back benefits," id. at 428 (quotation omitted), the Court refused, nonetheless, to create a Bivens remedy.  Although "a Bivens remedy would obviously offer the prospect of relief for injuries that must now go unredressed," id. at 425, the Court concluded that such a remedy was not available because "Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of [the program's] administration," id. at 423, "and we see no legal basis that would allow us to revise its decision," id. at 429.

The Court's rationale for not recognizing a Bivens remedy in Chilicky is equally applicable here.  Therefore, because plaintiff asserts only a Bivens claim for damages, the district court did not abuse its discretion in dismissing plaintiff's complaint under § 1915(d).

Because we conclude that plaintiff's complaint seeks only money damages for injuries resulting from alleged unconstitutional delays in adjudicating his claim for benefits and the Supreme Court's opinion in <u>Chilicky</u> clearly bars such a claim, we conclude that the district court did not abuse its discretion in dismissing plaintiff's case under 28 U.S.C. § 1915(d).

The judgment of the United States District Court for the District of Colorado is AFFIRMED. All outstanding motions are denied as moot.

The mandate shall issue forthwith.

Entered for the Court

Robert H. Henry
Circuit Judge