**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 24 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

JOE JORDAN,

      Plaintiff-Appellant,

v.

JIM BOWLES, Sheriff of Dallas
County, GARY JOHNSON, Governor,
State of New Mexico, GEORGE W.
BUSH, JOHN DOE, DAN MORALES,
TOM UDALL, E.L. MCMILLIAN,
KARL SANNICKS, RON LYTLE,
MARK W. BUSH, CHIEF
MCMILLIAN, SHARON L.
MCMILLIAN, JOE WILLIAMS,
JOHN SHANKS, DONALD DORSEY,
NEW MEXICO CORRECTIONS
DEPARTMENT, DALLAS COUNTY
JAIL, DALLAS COUNTY
SHERIFF'S DEPARTMENT,

      Defendants-Appellees.

No.  96-2169
(D.C. No. CIV-96-837-LH)
(D. N.M.)

---

ANDREW MILLER,

      Plaintiff-Appellant,

v.

JIM BOWLES, Sheriff of Dallas
County, GARY JOHNSON, Governor,
State of New Mexico, GEORGE W.
BUSH, JOHN DOE, DAN MORALES,
TOM UDALL, E.L. MCMILLIAN,

No.  96-2183
(D.C. No. CIV-96-837-LH)
(D. N.M.)

KARL SANNICKS, RON LYTLE, MARK W. BUSH, CHIEF MCMILLIAN, SHARON L. MCMILLIAN, JOE WILLIAMS, JOHN SHANKS, DONALD DORSEY, NEW MEXICO CORRECTIONS DEPARTMENT, DALLAS COUNTY JAIL, DALLAS COUNTY SHERIFF'S DEPARTMENT,

        Defendants-Appellees.

---

WILLIAM FRY,

        Plaintiff-Appellant,

v.

JIM BOWLES, Sheriff of Dallas County, GARY JOHNSON, Governor, State of New Mexico, GEORGE W. BUSH, JOHN DOE, DAN MORALES, TOM UDALL, E.L. MCMILLIAN, KARL SANNICKS, RON LYTLE, MARK W. BUSH, CHIEF MCMILLIAN, SHARON L. MCMILLIAN, JOE WILLIAMS, JOHN SHANKS, DONALD DORSEY, NEW MEXICO CORRECTIONS DEPARTMENT, DALLAS COUNTY JAIL, DALLAS COUNTY SHERIFF'S DEPARTMENT,

        Defendants-Appellees.

No. 96-2211
(D.C. No. CIV-96-837-LH)
(D. N.M.)

-2-

ORDER AND JUDGMENT[*]

Before TACHA, MCKAY, and BALDOCK, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.

Plaintiffs, appearing pro se, appeal the district court's dismissal of their actions under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(d).[1] Plaintiffs, who were convicted of various crimes in New Mexico, were transferred from New Mexico state corrections facilities to the Dallas, Texas, County Jail pursuant to an agreement between the two states. After their transfers and while they were

[*]  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]  Although the district court stated its dismissal was pursuant to § 1915(d), we believe the court actually intended to cite § 1915(e)(2)(B)(i), which formerly was § 1915(d).

confined in the Dallas County Jail, they, along with many other inmates, brought individual habeas corpus petitions in the United States District Court for the Northern District of Texas. They alleged their transfers violated their due process rights pursuant to the United States Constitution, New Mexico statutes and policies, and the consent decree in Duran v. Johnson, No. CIV-77-721 JC (D. N.M.). Specifically, the plaintiffs alleged (1) the transfers were made so that the Duran consent decree would not apply; (2) the transfers were not made in accordance with New Mexico statutes or regulations; (3) there was no legal contract entered into by New Mexico and Texas before the transfers; (4) New Mexico did not follow proper procedures and accord plaintiffs due process before the transfers; (5) New Mexico law prohibits incarceration in a county jail, see N.M. Stat. Ann. § 31-20-2(A); and (6) the New Mexico Secretary of Finance and Administration had not approved the transfer contract before the plaintiffs' transfers took place, as required by the New Mexico Joint Powers Agreements Act, see id. § 11-1-3.

The Texas district court consolidated the petitions and determined that they should be construed as civil rights complaints pursuant to 42 U.S.C. § 1983. It further determined that both it and the United States District Court for the District of New Mexico had concurrent jurisdiction over the transfer issues, and transferred the case to New Mexico.

The New Mexico district court dismissed the action sua sponte. It determined that because plaintiffs had no liberty interest in placement in any particular prison, their claims challenging their transfers to Texas were frivolous. Also, the court determined that any claims relating to Duran must be addressed in that ongoing proceeding. The court took judicial notice that the class plaintiffs in Duran had filed briefs and motions relating to the events complained of in this case and that an order entered in the Duran litigation approved a stipulation of the parties resolving the issues raised in those motions and briefs.[2] Thus, the district court concluded that plaintiffs' Duran claims also were frivolous.

We review a dismissal pursuant to § 1915(e)(2)(B)(i) for an abuse of discretion.[3] See Schlicher v. Thomas, 111 F.3d 777, 779 (10th Cir. 1997). A complaint is frivolous if it lacks an arguable basis in law or fact. See Green v.

---

[2]     No documents relating to the Duran litigation were included as part of the record in this action. The habeas corpus petition and civil rights complaint attached to plaintiff Miller's brief, however, were included in the record and, contrary to his suggestion, presumably were reviewed by the district court.

[3]     Although the district court stated it was also dismissing pursuant to Rule 12(b)(6), its discussion and holdings centered on whether the complaint was frivolous. Thus, we review only for frivolousness. In doing so, we need not resolve the problematic issue of the standard of review applicable to dismissals under both § 1915(e)(2)(B)(i) for frivolousness and Rule 12(b)(6) for failure to state a claim upon which relief may be granted. The standard of review for § 1915(e)(2)(B)(i) dismissals, as indicated above, is abuse of discretion. See Schlicher, 111 F.3d at 779. Whereas, the standard of review for Rule 12(b)(6) dismissals is de novo. See Chemical Weapons Working Group, Inc. v. United States Dep't of the Army, 111 F.3d 1485, 1490 (10th Cir. 1997).

Seymour, 59 F.3d 1073, 1077 (10th Cir. 1995) (citing Neitzke v. Williams, 490 U.S. 319, 327 (1989)).  In applying these standards, we liberally construe a pro se litigant's complaint.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Before addressing the correctness of the New Mexico district court's dismissal of plaintiffs' action, we first consider their challenge to the Texas district court's conversion of the action from habeas corpus to civil rights. Habeas corpus applies when a state prisoner challenges the fact or duration of his confinement based on allegedly unconstitutional state administrative action, whereas civil rights cases relate to a state's alleged unconstitutional treatment of a prisoner while in confinement.  See Preiser v. Rodriguez, 411 U.S. 475, 489, 498-99 (1973).  Although plaintiffs contended the transfers made their sentences illegal and New Mexico therefore forfeited its authority to require imprisonment for their New Mexico convictions, they did not raise issues suitable for decision under the laws of habeas corpus.  Furthermore, they previously concurred with construing the habeas corpus petition as a civil rights complaint.  See II R. Doc. 22 at 1 (No. 96-2211).  Accordingly, we conclude the argument is without merit.

Plaintiffs argue that their protected liberty interests were violated by their transfer to the Dallas County Jail.  Protected liberty interests may be derived from either the Due Process Clause or a state's laws.  See Hewitt v. Helms, 459 U.S. 460, 466 (1983).  It is settled that plaintiffs have no constitutional right to be

imprisoned in any particular facility. See Olim v. Wakinekona, 461 U.S. 238, 245, 248 (1983); see also Meachum v. Fano, 427 U.S. 215, 225 (1976) (determining that less favorable prison conditions are not enough to implicate liberty interest).

Because the Due Process Clause itself does not create a liberty interest in the context of a transfer, we must determine whether state law creates such an interest.

> States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Sandin v. Conner, 515 U.S. 472, ___, 115 S. Ct. 2293, 2300 (1995) (citations omitted) (deciding search for mandatory language in state statute to determine if liberty interest was created was no longer controlling). Because a transfer does not affect the duration of a sentence, a transfer must impose an atypical or a significant hardship before it can be held to create a liberty interest under state law.

The New Mexico statutes do not create such a liberty interest. New Mexico may contract with any state for the confinement of prisoners. See N.M. Stat. Ann. § 31-20-2(C)(5) (permitting transfer if other state has entered into "corrections

control agreement" with New Mexico); id. § 11-1-3 (providing under Joint Powers Agreements Act that two or more agencies, including one from another state, may enter into contracts); id. at §§ 13-1-135A, 13-1-56 (providing for procurement agreements with other state agencies). These New Mexico laws amount "to nothing more than procedural requirements for the management of" state corrections facilities; "such procedural requirements . . . 'are not designed to confer rights on inmates.'" See Counts v. Newhart, 951 F. Supp. 579, 584 (E.D. Va. 1996) (quoting Sandin, 115 S. Ct. at 2299), aff'd, 116 F.3d 1473 (4th Cir. 1997) (table); see also Woodard v. Ohio Adult Parole Auth., 107 F.3d 1178, 1183 (6th Cir.) ("[E]ven though state law plays a role in determining the existence of property or liberty interests, the ultimate question of the degree of due process protection to be afforded under the Constitution remains a federal one."), cert. granted, 117 S. Ct. 2507 (1997).

No matter whether a prisoner is confined in a jail or a prison, the prisoner is confined in an environment within the normal limits of custody which the state is authorized to impose by the conviction. See Counts, 951 F. Supp. at 585 (citing Olim, 461 U.S. at 247). Because there was no showing of significant atypical circumstances, such as placement in an environment not intended for incarceration for criminal activity, the transfers did not violate any constitutional rights. See id.

Because plaintiffs had no protected liberty interest, they were not entitled to any particular process before their transfers. See Olim, 461 U.S. at 250 ("Process is not an end in itself. Its constitutional purpose is to protect a substantial interest to which the individual has a legitimate claim of entitlement."); Meachum, 427 U.S. at 229 (holding that Due Process Clause does not require pretransfer hearing); Frazier v. Dubois, 922 F.2d 560, 561-62 (10th Cir. 1990) (holding that inmate is generally not entitled to due process before transfer).

We agree with the district court that any allegations concerning the Duran consent decree should be pursued within the Duran litigation. Furthermore, plaintiffs do not dispute in any more than a conclusory fashion the district court's determination that the class plaintiffs in Duran had raised the issues complained of here in that case and that the Duran court had approved a stipulation of the parties resolving the issues.

Because there are no facts or law from which a due process or any other claim may be inferred, we conclude the district court correctly determined this action was frivolous.[4] These appeals are frivolous under 28 U.S.C.

---

[4] Even if there had been a violation of rights, and there was none, we note that all three plaintiffs have been returned to New Mexico. Plaintiffs Fry and Jordan were transferred back to New Mexico even before the Texas district court transferred this case to the New Mexico district court. Despite the transfer back
(continued...)

-9-

§ 1915(e)(2)(B)(i) for purposes of counting "prior occasions" under 28 U.S.C. § 1915(g). The appeals are DISMISSED. Plaintiff Miller's motion for leave to proceed in forma pauperis is DENIED.

Entered for the Court


Bobby R. Baldock
Circuit Judge

---

[4](...continued)
to New Mexico, the case probably is not moot. In their Texas district court motion for an emergency injunction and restraining order, plaintiffs sought to have their transfers back to New Mexico restrained. They argued that although the transfers "tend[ed] to cure the original illegal transfer," they would be in further violation of their rights just as the original allegedly illegal transfers had been. II R. Doc. 23 at 3 (No. 96-2211).