Tucker MENDENHALL,
Plaintiff–Appellant,

v.

James SAFFLE; Steve Kaiser,
Defendants–Appellees.

No. 01–7064.

United States Court of Appeals,
Tenth Circuit.

June 6, 2002.

Before MURPHY, McKAY, and BALDOCK, Circuit Judges.

ORDER AND JUDGMENT *

McKAY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Tucker Mendenhall, appearing *pro se*, appeals the district court's dismissal of his civil rights action, brought pursuant to 42 U.S.C. § 1983. We dismiss this appeal as frivolous.

Plaintiff is currently incarcerated at the Davis Correctional Center in Oklahoma. On May 5, 2000, he filed this civil rights action, alleging simply that his civil rights had been violated. In his complaint, plaintiff claimed he had been subjected to an ex post facto law, cruel and unusual punishment, and that his due process and equal protection rights had been violated. The complaint did not contain any supporting facts, but did contain a copy of the Oklahoma Department of Corrections'

(DOC) Systems of Incarceration policy, which explains the operation of the system of classifying prisoners by level and the consequences of certain misconduct on a prisoner's level. It appears that the DOC policy was updated in February 2000.

Although plaintiff did not identify a specific incident where the policy was applied to him, defendants' *Martinez* report [1] examined plaintiff's disciplinary history. The report demonstrated, in relevant part, that (1) plaintiff had not filed any grievances challenging application of the prison policy, and (2) Oklahoma statute mandated a system of classifying prisoners by level since 1988, *see* Okla. Stat. tit. 57, § 138, which is before plaintiff committed his offense. Based on the report, defendants filed motions to dismiss or for summary judgment.

Plaintiff filed a cross-motion for summary judgment, in which he argued that the DOC's revised policy conflicted with the provisions of Okla. Stat. tit. 57, § 138, and thus its application to him violated the prohibition on ex post facto laws. He also attempted to raise, for the first time, complaints about the prison policy of assigning cells without regard to race, and about the discipline he received in November 2000, after he refused to share a cell with a black inmate. Again, plaintiff had not filed a grievance challenging the discipline or the application of the prison policies.

On April 30, 2001, the district court dismissed plaintiff's action pursuant to 28 U.S.C. § 1915(e), finding that plaintiff's claims were unexhausted [2] and frivolous.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1. *See Martinez v. Aaron,* 570 F.2d 317, 319 (10th Cir.1978).

2. On appeal, plaintiff attempts to refute the district court's finding of nonexhaustion by submitting grievances filed in the fall of 2001, challenging the policy of random cell assignments and the discipline he received for refus-

Because we agree that plaintiff's claims are frivolous, we dismiss this appeal, and caution plaintiff that he has now incurred a second "strike" under the Prisoner Litigation Reform Act, 28 U.S.C. § 1915(g). A third dismissal under § 1915 will disqualify him from proceeding in forma pauperis in any federal lawsuit, other than a habeas petition, which does not involve "imminent danger of serious physical injury." *Id.*

We review the district court's dismissal pursuant to § 1915(e) only for abuse of discretion. *Green v. Seymour*, 59 F.3d 1073, 1077 (10th Cir.1995) (discussing former version of 28 U.S.C. § 1915(d)). We must liberally construe plaintiff's complaint because he is representing himself. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). We will not, however, "supply additional factual allegations to round out [his] complaint," *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir.1997), and his *pro se* status does not excuse him from complying with the federal rules of civil and appellate procedure. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir.1994).

■■■ Plaintiff's claims are frivolous in that the DOC's modified policy does not conflict with the statute setting out the level system of classification and authorizing officials to return prisoners to level one for numerous reasons, imposition of more than one form of penalty does not violate double jeopardy, and plaintiff has no constitutional right to refuse to share a cell with a non-white inmate. For these reasons, the district court did not abuse its discretion in dismissing plaintiff's action pursuant to 28 U.S.C. § 1915(e).

Plaintiff's motion to amend his opening brief is granted, and the appeal is DISMISSED as frivolous. The mandate shall issue forthwith.

---

ing to comply with the policy. We do not review documents that were not before the district court when it made its ruling. *Boone v. Carlsbad Bancorporation, Inc.*, 972 F.2d 1545, 1549 n. 1 (10th Cir.1992). Further, because we affirm the district court's conclusion that plaintiff's claims are frivolous, the exhaustion issue has become irrelevant. *See* 42 U.S.C. § 1997e(c)(2) (authorizing courts to dismiss prisoner's claims that are patently frivolous without requiring exhaustion).