**UNITED STATES COURT OF APPEALS**
**Filed 12/12/96**
**TENTH CIRCUIT**

CLINT SMITH,

        Plaintiff - Appellant,

        v.

PEOPLE OF THE STATE OF
COLORADO; DEPARTMENT OF
CORRECTIONS; ARISTEDES
ZAVARAS; ROY ROMER, Governor;
JOE HUNTER; PAT CRAIG; ADOLPH
MARTINEZ; CAPTAIN EHRMAN;
MIKE COLVIN; ROBERT J.
FURLONG; MAJOR MURRAY; BILL
PRICE,

        Defendants - Appellees.

No. 96-1250

D. Colorado

(D.C. No. 96-S-279)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **HENRY**, and **BRISCOE**, Circuit Judges.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9.  This cause is therefore ordered submitted without oral argument.

Clint Smith appeals the dismissal under 28 U.S.C. § 1915(d) of his civil rights action against various employees of the Colorado Department of Corrections, and other defendants.  Mr. Smith contends that the district court displayed prejudice against his case, rushed justice, and, in doing so, erred in dismissing Smith's complaint prior to service upon the defendants, and without adequate consideration or taking evidence with respect to his allegations.  Mr. Smith alleges that the district court's legal conclusions were wrong (he does not dispute any of the factual findings) and, among other things, asks us to rule that Colo. Rev. Stat. § 17-20-114.5 (Supp. 1995) is unconstitutional either as written or as applied to him.  Colo. Rev. Stat. § 17-20-114.5 (Supp. 1995) provides:

> **Restriction of privileges in correctional facilities - restriction of privileges because of lawsuit filed without justification.**  (1) Any person convicted of a crime and confined in any state correctional facility listed in section 17-1-104.3 is not entitled to any privileges that may be made available by the department of corrections.  If any such person is required by the department to perform any available labor, participate in any available educational program or work program, undergo any available counseling, or any one or a combination of the foregoing and such person does not perform the labor, participate in the program, undergo the counseling, or do any one or a combination of the foregoing as required by the department, the department shall deny specified privileges to such person.  The privileges that the department shall deny to such person include, but are not limited to, television, radios, entertainment systems, cigarettes, and access to snacks.  If the department denies television

privileges, it may allow a person to watch television for educational purposes, including public television broadcasts transmitted to or available to the facility. A person who is physically unable to perform labor, participate in an educational program or work program, or undergo counseling may be allowed the privileges specified in this subsection (1). Nothing in this subsection (1) shall be construed to grant as a right any such labor, program, or counseling or any privileges listed in this subsection (1).

A district court may dismiss an in forma pauperis case sua sponte if it determines that the action is frivolous. 28 U.S.C. § 1915(d) (applicable at the time of filing Feb. 1, 1996); 28 U.S.C. § 1915(e)(2)(B)(i) (applicable at the time of dismissal May 1, 1996); Hall v. Bellmon, 935 F.2d 1106, 1108 (10th Cir. 1991). A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). On appeal, construing pro se pleadings liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972); Brown v. Zavaras, 63 F.3d 967, 970 (10th Cir. 1995), we review a section 1915(d) dismissal for abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 33 (1992); Green v. Seymour, 59 F.3d 1073, 1077 (10th Cir. 1995).

Mr. Smith's grievances mostly stem from a denial of privileges due to his alleged refusal to attend an institutional drug addiction recovery program. In this context he cites constitutional violations involving prison classification, religion, equal protection, due process, double jeopardy, excessive fines, cruel and unusual punishment, and other claims. Mr. Smith sets out at great length his grievances regarding his treatment by corrections personnel, and we have read this material carefully. However, we agree with the district court that no violation of a constitutional right has been stated. Further, we do

not find that Colo. Rev. Stat. § 17-20-114.5 (Supp. 1995) is unconstitutional as written or as it has been applied to Mr. Smith.

Contrary to Mr. Smith's assertion that the district court rushed to dispose of this case, the record shows that the district court sought and considered a more definite statement of Mr. Smith's claims, then patiently addressed them in a lengthy order. The district court did not abuse its discretion in dismissing this case, and we affirm that dismissal substantially for the reasons set out in the district court's order filed on May 1, 1996. See also Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996).

AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge