**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 28 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DOROTHY MARIE CARTER,

Plaintiff-Appellant,

v.

HOBBS POLICE DEPARTMENT;
BILL MORRILL, Police Chief; PAM
WYNN, JAMES PHILLIPS, Officers,
Hobbs Police Department; LEA
COUNTY SHERIFF'S
DEPARTMENT; BILL LANE,
Sheriff; and CLARENCE BENFORD,
SR., Deputy Sheriff,

Defendants-Appellees.

No. 97-2045
(D.C. No. CIV-96-1575)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff appeals the district court's dismissal of her pro se civil rights action under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted and under 28 U.S.C. § 1915(d)[1] for frivolousness. We review a dismissal pursuant to § 1915(e)(2)(B)(i) for an abuse of discretion.[2] See Schlicher v. Thomas, 111 F.3d 777, 779 (10th Cir. 1997). A complaint is frivolous if it lacks an arguable basis in law or fact. See Green v. Seymour, 59 F.3d 1073, 1077 (10th Cir. 1995) (citing Neitzke v. Williams, 490 U.S. 319, 325 (1989)). In applying these standards, we liberally construe plaintiff's pro se complaint. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

---

[1]     Although the district court indicated its dismissal was pursuant to § 1915(d), we believe the court actually intended to cite § 1915(e)(2)(B)(i), which formerly was § 1915(d).

[2]     Although the district court also cited to Rule 12(b)(6), its discussion appeared to center on whether the complaint was frivolous. Thus, we review only for frivolousness. In doing so, we need not resolve the problematic issue of the standard of review applicable to dismissals under both § 1915(e)(2)(B)(i) for frivolousness and Rule 12(b)(6) for failure to state a claim upon which relief may be granted. The standard of review for § 1915(e)(2)(B)(i) dismissals, as indicated above, is abuse of discretion. See Schlicher, 111 F.3d at 779. Whereas, the standard of review for Rule 12(b)(6) dismissals is de novo. See Chemical Weapons Working Group, Inc. v. United States Dep't of the Army, 111 F.3d 1485, 1490 (10th Cir. 1997).

In her complaint, plaintiff alleged that she was twice falsely arrested by defendant Hobbs Police Department: first on battery charges and later for contempt and failure to appear at a court hearing. Plaintiff's first arrest apparently was based upon probable cause. Plaintiff, however, fails to allege facts to dispute probable cause for the arrest. See Brown v. Zavaras, 63 F.3d 967, 972 (10th Cir. 1995) (pro se litigants must do more than make conclusory statements regarding constitutional claims).

The second arrest was pursuant to a bench warrant. "Just as judges acting in their judicial capacities are absolutely immune from liability under [42 U.S.C. §] 1983, . . . '[police officers] charged with the duty of executing a facially valid court order enjoy[] absolute immunity from liability for damages in a suit challenging conduct prescribed by that order.'" Turney v. O'Toole, 898 F.2d 1470, 1472 (10th Cir. 1990) (quoting Valdez v. City & County of Denver, 878 F.2d 1285, 1286 (10th Cir. 1989)). Even if the judge issued an erroneous bench warrant for arrest for failure to appear and for contempt, as plaintiff alleged, she must contest the legality of the warrant and appeal that judgment rather than sue the official responsible for executing the warrant. See Valdez, 878 F.2d at 1289-90.

Plaintiff alleged defendant deputy sheriff Clarence Benford, Sr. tried to coerce her to change her plea of not guilty to battery to a plea of no contest,

allegedly warning her that if she did not change her plea she would be jailed. Because plaintiff did not change her plea, any alleged coercion by defendant Benford had no affect on plaintiff. Plaintiff also maintained that defendant Benford conspired with two magistrate judges and a private citizen to deny her due process and force her into an alcohol rehabilitation treatment program. Plaintiff, however, did not allege specific facts showing conspiracy, and her conclusory allegations of conspiracy are insufficient for a § 1983 claim. See Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989). Plaintiff further contended that defendant Benford intercepted her out-going mail during her confinement in the Lea County Detention Center.[3] The district court correctly determined that her claim of interception of her out-going mail by defendant Benford was conclusory.

Plaintiff alleged that she was denied a fair trial and her right to counsel during the state court proceedings. We agree with the district court's determination that she did not allege any facts even remotely connected with the named defendants to support this claim. We also agree with the district court that

---

[3]     Plaintiff raised various allegations against a magistrate judge and a harassment claim against four guards at the Lea County Detention Center. Because these persons were not named as parties to this action, we need not address the conclusory allegations made against them.

a § 1983 action is not the proper vehicle to challenge the validity of her conviction. See Heck v. Humphrey, 512 U.S. 477, 486 (1994).

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . .

Id. at 486-87 (footnote omitted). Because plaintiff's conviction had not been invalidated, her claim for damages was not cognizable. See id. at 487.

Plaintiff contended that after sentencing on the contempt and failure to appear charges she was falsely imprisoned in the Lea County Detention Center. "[A] plaintiff states a claim for false imprisonment in violation of § 1983 by specifically alleging facts that show a government official acted with deliberate indifference or reckless intent to falsely imprison the plaintiff." Romero v. Fay, 45 F.3d 1472, 1480 (10th Cir. 1995). Plaintiff makes no such allegations. In any event, because her imprisonment was based upon her conviction, this claim is without legal basis.

Plaintiff alleged that while confined in the Hobbs city jail she was denied medical treatment for severe abdominal pains by defendants police officers Pam Wynn and James Phillips. According to plaintiff, in addition to denying medical treatment, they yelled at her when she requested pain medication and antagonized

her throughout the course of her confinement. She also contended that defendant Wynn issued her a filthy uniform, resulting in her contracting "Trichomonais." The district court correctly determined that plaintiff's claim of denial of medical treatment was conclusory. To state a cognizable claim, a plaintiff must allege omissions or acts sufficiently harmful to suggest deliberate indifference to serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 105 (1976). The deliberate indifference standard has two components: "[1] an objective component requiring that the pain or deprivation be sufficiently serious; and [2] a subjective component requiring that the offending officials act with a sufficiently culpable state of mind." Miller v. Glanz, 948 F.2d 1562, 1569 (10th Cir. 1991) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Plaintiff did not allege facts establishing a serious medical condition or assert any culpable mental state of defendants Wynn or Phillips. Mere verbal abuse is not a constitutional violation actionable under § 1983. See Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979).

Plaintiff maintained that she complained in writing to defendant Chief of Police Bill Morrill about the actions of defendants Wynn and Phillips, but defendant Morrill did not respond. Because plaintiff's arguments against defendants Wynn and Phillips lack an arguable basis in law or fact, this allegation against defendant Morrill is without merit.

Plaintiff argues for the first time on appeal that defendant Benford conspired with defendant Hobbs Police Department and a magistrate judge to deny her a fair trial and obstructed justice by destroying unnamed documents and that the denial of medical treatment was racially motivated. We will not consider these conclusory issues raised for the first time on appeal. See Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992).

Plaintiff suggests that she should be granted an opportunity to amend her complaint. Although plaintiff did not move to amend in the district court, the district court nonetheless determined that amending the complaint would be futile. We agree. See Foman v. Davis, 371 U.S. 178, 182 (1962) (futility justifies denial of amendment).

Plaintiff contends that due to her pro se status she was forbidden to attach documents to her complaint. Nothing before us, other than plaintiff's unsupported allegation, indicates that she attempted to submit evidence with her complaint that was rejected. Plaintiff indicated in her complaint that she was attaching exhibits, but she did not do so.

Plaintiff attached to her brief on appeal a copy of the habeas corpus petition she allegedly filed in state court. This exhibit was not presented to the district court, and we will not review it. See Aero-Medical, Inc. v. United States, 23 F.3d 328, 329 n.2 (10th Cir. 1994).

Because there are no facts or law from which a claim may be inferred, we conclude the district court correctly determined this action was frivolous. The appeal is frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) for purposes of counting "prior occasions" under 28 U.S.C. § 1915(g). The appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court

John C. Porfilio
Circuit Judge